UNITED STATES of America ex rel.
Rafael ECHEVARRIA, Petitioner-
Appellant,

v.

Harry SILBERGLITT, Warden, Brooklyn
House of Detention, Respondent-
Appellee.

No. 430, Docket 34502.

United States Court of Appeals,
Second Circuit.

Argued March 8, 1971.

Decided April 26, 1971.

Barry H. Garfinkel, New York City (James William Moore, Michael W. Mitchell, Thomas J. Schwarz, Skadden, Arps, Slate, Meagher & Flom, New York City, on the brief), for petitioner-appellant.

William J. Stutman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before HAYS and FEINBERG, Circuit Judges, and CURTIN, District Judge.*

HAYS, Circuit Judge:

This is an appeal from a ruling of the United States District Court for the Eastern District of New York, denying petitioner's application for a writ of habeas corpus on the ground that, since petitioner Echevarria had not properly

---

* Of the United States District Court for the Western District of New York, sitting by designation.

effected removal of his case to the federal courts, the state court had jurisdiction to enter the conviction of which he complains.

Petitioner alleges that in the winter of 1968 while he was awaiting trial in the Brooklyn House of Detention, he wrote to the Clerk of the Eastern District requesting that a blank form of removal petition be forwarded to him. The Clerk sent him a form entitled "Petition for Writ of Habeas Corpus by Person in State Custody." Echevarria filled out that form, believing it to be the proper form for a removal petition. He signed the form, and had his signature witnessed by three fellow inmates at the Brooklyn House of Detention. He states that he gave two copies of this petition to a prison guard and requested that one copy be mailed to the Eastern District and the other to the Kings County District Attorney. The petition was received by the Clerk's Office of the Eastern District on February 13, 1969, filed by its title as a habeas corpus petition and forwarded to a *pro-se* motions judge; the Kings County District Attorney did not receive the copy of the petition that was intended for him.

Echevarria's state prosecution came on for trial in Kings County Supreme Court on February 19, 1969. His assigned counsel handed up to the court a copy of Echevarria's petition and stated that since a removal petition had been filed, his client had determined to stand mute at his trial. After a short response by the Assistant District Attorney, the state court said: "This Court finds that is not one of the grounds this Court will have to give an adjournment * * *." Petitioner stood firm on his contention that the action had been removed; he ordered his attorney to stand mute and to offer no defense to the charges against him. Petitioner was convicted of possession and sale of heroin, in violation of New York Penal Law §§ 220.05 and 220.35 (McKinney's Consol.Laws, c. 40, Supp. 1970), and was sentenced to a term of five years on each of the sale counts, with sentence suspended on the possession convictions.

Echevarria then filed a habeas corpus petition in the United States District Court for the Eastern District of New York alleging that the state court had proceeded without jurisdiction. The district court denied the writ on the ground that Echevarria's original petition "did not purport to be a removal petition," that the petition was not verified, that prompt written notice was not given to the District Attorney, that the petition was not properly filed with the clerk of the state court, and that the petition did not state grounds justifying removal. We reverse the order of the district court and grant the petition for a writ of habeas corpus.

■ Even were we to disregard petitioner's allegation that he requested a removal petition from the Clerk of the Eastern District, and that sending him a habeas corpus form was an error for which he cannot be penalized, the body of the petition actually returned indicates that it was intended to serve as a removal petition. Although at one point petitioner apparently miscites 28 U.S.C. § 1443 as 28 U.S.C. § 2243, he later specifically cites 28 U.S.C. § 1446. In addition, he states at three points that his aim is to remove the case to the federal court:

"The moving writ is an original to 'remove Petitioner's case to federal Jurisdiction.' 28 U.S.C. section 2243. Further to stay all States proceedings until the federal court has resolved the question involved. 28 U.S.C. section 1446."

* * * * * *

"Petitioner prays that a writ of habeas corpus issue to remove his state's case to federal Jurisdiction for resolving."

* * * * * *

"This is ground for removal of Petitioner's State's case to federal Jurisdiction because of arbitrary enactment by the States legislature."

There is no basis for terming this petition "ambiguous" and "anomalous"; the fact that the petition was headed as a writ of habeas corpus does not preclude consideration of the petition as a petition for removal, where it is clear from a reading of the petition that it was intended to be a petition for removal.

█ The failure to have the petition verified cannot, in the circumstances of this case, be held to defeat the purpose of the petition. Petitioner alleges that since the Brooklyn House of Detention did not have a resident notary, it was impossible to have the petition verified. Petitioner attempted to fulfill the verification requirement, in the best manner available, by swearing to the petition himself and by having three fellow inmates attest to this swearing. "The requirement of verification is * * * formal, its purpose being to give some assurance as to the truth of the facts stated in the petition for the protection of plaintiff." 1A J. Moore, Federal Practice ¶0.168[3.-4], at 1205 (2d ed. 1965). Failure, after good faith effort, to comply with the formal requirement of verification should not operate to prevent the petition's being effective as a removal petition, particularly where satisfaction of the requirement was impossible and where the substitute devised by petitioner adequately accomplished the function of a verification.

█ The petitioner attempted to fulfill the requirement of notice to the district attorney by handing his petition to a prison guard for mailing. It was physically impossible for him to deliver the petition personally to the district attorney's office. On the day of the trial in the state court petitioner handed a copy of his petition to the trial judge. The assistant district attorney was then made aware that a removal petition had been filed. It is not the purpose of the notice provision to allow the adverse party an opportunity to challenge the removal in the state court, since the removal procedure does not permit such a challenge. Miller v. Southern Bell Telephone & Telegraph Co., 279 F. 806, 809 (4th Cir. 1922). Under the circumstances of the instant case, where petitioner attempted to give notice and the fact of removal was actually brought to the attention of the district attorney, a holding that a technical defect in the notice should preclude removal would give unjustified importance to a largely formal requirement.

The district court also found a violation of the removal procedure in that petitioner gave his petition directly to the state judge rather than filing it with the clerk of the state court. The trial judge willingly accepted the petition that was handed up to him; indeed, he professed to rule on the merits. "We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state * * * judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement." Adair Pipeline Company v. Pipeliners Local Union No. 798, 203 F.Supp. 434, 437 (S.D.Tex.1962), aff'd, 325 F.2d 206 (5th Cir. 1963). Filing with the judge constituted a sufficient compliance with the statutory requirement.

█ The state court's determination to proceed to the merits was in direct contravention of the removal statute, an error that was compounded by the district court's holding that the petition did not justify removal. The language of 28 U.S.C. § 1446(e) (1964) could not be clearer.

"[T]he state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable. * * *" 1A J. Moore Federal Practice ¶0.168[3.-8], at 1306 (2d ed. 1965).

We cannot accept the decision of the district court as the equivalent of a determination to remand and give it effect *nunc pro tunc* because the petitioner relied on his removal petition in standing mute at his trial. If the case had in fact been remanded petitioner would

have had the opportunity to enter a defense. Petitioner must be held to have had the right to rely upon the effectiveness of his removal petition until the case was properly remanded.

The order of the district court is reversed and the petition for a writ of habeas corpus is granted.