405 So.2d 836 (1981)
STATE of Louisiana
v.
Charles BUTLER.
No. 81-K-1089.
Supreme Court of Louisiana.
September 28, 1981.
Rehearing Denied November 16, 1981.
*837 William Noland, Lawrence J. Boasso, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-respondent.
GUIDRY, Justice Ad Hoc[*].
Defendant, Charles Butler, was indicted with two counts of distribution of heroin, a violation of LSA-R.S. 40:966, by an Orleans Parish Grand Jury on September 19, 1975. Subsequently, the matter was fixed for trial in the Criminal District Court, Orleans Parish, for February 10, 1976. On that date the defendant filed a petition for removal of the instant action to the United States *838 District Court for the Eastern District of Louisiana pursuant to 28 U.S.C.A. Sec. 1443 et seq. Defendant alleges that both the state trial court and the district attorney's office were notified that same day of defendant's removal petition. On February 10 and 11, 1976, despite the filing of the removal petition and alleged subsequent notice to the trial court and all adverse parties, and over alleged defense objection,[1] the state court proceeded to trial of the defendant on the aforesaid charges. On February 11, 1976, the jury returned verdicts of guilty against defendant on both counts of distribution of heroin. On February 12, 1976, subsequent to the defendant's convictions, the federal court issued its order remanding the case to the state criminal district court. On February 26, 1976 the defendant was sentenced to serve concurrent terms of life imprisonment at hard labor.
On February 13, 1981, Butler filed a motion to quash the September 19, 1975 indictment charging him with distribution of heroin. In his motion to quash, Butler alleges that his February 11, 1976 conviction is null, void and of no effect because the trial court lacked jurisdiction at the time of his trial and conviction. Accordingly, he argues that since there has been no trial and conviction pursuant to the September, 1975 indictment, conducted in a court of competent jurisdiction, within the time limit set forth in La.C.Cr.P. Article 578, the indictment should be dismissed and the defendant released from custody.
On February 25, 1981, after hearing, the trial court denied his motion. Thereafter, the defendant filed for, and we granted, a writ of certiorari to review the trial court's denial of defendant's motion to quash the indictment. See State v. Butler, 400 So.2d 906 (La.1981).
Defendant raises two issues to be considered by this court on appeal. First, did the state trial court have jurisdiction over the defendant at the time of his trial and conviction? Secondly, if not, has the time limit for commencement of trial, as set forth in La.C.Cr.P. Article 578, expired, thus, mandating the dismissal of the subject indictment and the release of the defendant from custody?
Defendant filed a petition to remove the instant action to the federal court pursuant to the provisions of the Civil Rights Removal Statute, 28 U.S.C.A. § 1443, which provides:
"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."
In his removal petition, the defendant, a black man, alleged that his civil rights were being denied by virtue of his prosecution under an indictment which was returned by a racially unrepresentative grand jury. Additionally, Butler contended that the jury venire was not racially balanced.
The procedure for removal is set forth in 28 U.S.C.A. § 1446 which provides in pertinent part:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for a district and division within which such action is pending a verified petition containing a short and plain statement of *839 the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

* * * * * *
(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

* * * * * *
(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(f) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court."[2]
Although the language in 28 U.S.C.A. § 1446 (e) which refers to "petition and bond" is generally held to apply only to civil actions, the courts have consistently concluded that the notice requirement of part (e) is applicable to both civil and criminal removal. See, e. g., Georgia v. Rachel, 384 U.S. 780, 797 n. 27, 86 S.Ct. 1783, 1983, 16 L.Ed.2d 925 (1966); South Carolina v. Moore, 447 F.2d 1067 (4th Cir. 1971); City of Lake Charles v. Bell, 347 So.2d 494 (La. 1977); State ex rel. Gremillion v. National Association for the Advancement of Colored People et al., 90 So.2d 884 (La.1956).
Briefly, 28 U.S.C.A. § 1446 requires that the petitioner file with the federal court a verified petition, setting forth those facts that entitle him to removal. After he has filed the petition with the federal court, the petitioner must give written notice of removal to all adverse parties and file a copy of the petition with the Clerk of the state court. The requirement of filing the removal petition with the Clerk of the state court is of particular importance. Such filing gives the state court formal notice of the federal court's involvement in what had previously been only a state court affair. The federal statute specifically provides that upon filing the removal petition with the state court, the state court is prohibited from proceeding any further with the case. This provision is designed to preclude any conflict between the two court systems by divesting the state court of jurisdiction over the matter until such time as the federal court determines if it has jurisdiction or that a remand back to the state court is necessary. It is well-settled that once the procedure for removal has been followed and so long as the case has not been remanded, any subsequent action by the state court is void, even if the case was removed improperly. See Georgia v. Rachel, supra; State ex rel. Gremillion v. National Association for the Advancement of Colored People et al., supra.
In brief, defendant contends that the procedure for removal as clearly set forth in 28 U.S.C.A. § 1446 was strictly adhered to and that proper notice was given to both the state court and the district attorney's office. Defendant argues that the state court, over defense objections and despite notice of the federal removal petition, proceeded with his trial on February 10 and 11, 1976, which ultimately resulted in his two convictions. Defendant contends that his convictions should be overturned because the state court was unequivocally divested of jurisdiction over the matter until such time as the federal court remanded the case back to the state court on February 12, 1976.
The record reflects that defendant's removal petition was filed with the U. S. District Court for the Eastern District of Louisiana on February 10, 1976, the date of trial. Additionally, the record reflects that a copy of defendant's removal petition was filed with the district attorney's office at *840 9:08 A.M., on February 10, 1976. As previously stated, defendant contends that he filed a copy of his removal petition with the state court thus, properly effecting notice. A careful examination of the record before us clearly indicates that the defendant did not file the removal petition with the Clerk of Court of the Criminal District Court for Orleans Parish. Rather, the defendant filed the subject removal petition with Michael Roig, a minute clerk employed by the state court trial judge. Thus, the question now becomes whether or not the filing of a removal petition with a minute clerk employed by the trial judge is in compliance with the notice requirements essential to the removal of actions to the federal court as set forth in 28 U.S.C.A. § 1446. We conclude that such filing does not comply with the aforesaid statute.
It is provided by statute that each of the judges of the Criminal District Court of Orleans Parish are authorized to appoint his minute clerk who, under the supervision of the judge, is charged with keeping the minutes of the court, issuing all notices, copies of rules and orders entered in the minutes, which are required to be issued, and making entries on the dockets of the causes and of the proceedings therein as well as performing such duties as the judge may direct. See Article 7 § 85, 1921 La.Const.; Article 14 § 16 of 1974 La.Const.; LSA-R.S. 13:1. Minute clerks employed by the judges of the Orleans Parish Criminal District Court are not authorized or charged with recording, filing, or maintaining official documents required to be filed with the office of the Clerk of the Criminal District Court for the Parish of Orleans.
28 U.S.C.A. § 1446 (e) specifically provides that defendants shall file a copy of the removal petition with "the clerk of such state court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded."
The obvious purpose of requiring defendants to file a copy of their removal petitions with the clerk of the state court is to afford actual notice of pending removal actions to the state court. Certainly, filing the subject petition with an employee of the trial judge, who is in no way connected with the office of the Clerk of Court for the Criminal District Court of Orleans Parish, does not insure the requisite notice. The requirements of filing defendant's petition for removal with the clerk of the state court, and of giving notice to adverse parties, are not merely modal or formal, but rather constitute mandatory conditions precedent to termination of jurisdiction of the state courts and assumption of jurisdiction by the federal court. Beleos v. Life & Casualty Ins. Co. of Tennessee, 161 F.Supp. 627 (U.S.D.C.E.D. South Carolina, 1956). The procedure for effectuating removal of matters to the federal court is simple and straightforward. We must presume that Congress when specifying the procedure for removal intended to require compliance. Beleos v. Life & Casualty Ins. Co. of Tennessee, supra. We observe that the federal courts have permitted some relaxation of the aforesaid procedure where the defendant is proceeding pro se. U. S. ex rel. Echevarria v. Silberglitt, 441 F.2d 225 (U.S. C.A. 2d Cir. 1971). However, in the instant case, the defendant was represented by able counsel. We can discern no reason to permit anything less than strict compliance with the simple procedure for removal set forth in 28 U.S.C.A. § 1446. Therefore, we conclude that the state court was not properly notified of defendant's removal petition as mandated by statute. Thus, removal to the federal court was never effected and it follows, the state court was never divested of jurisdiction over the defendant. Since the state court was never divested of its jurisdiction over the instant matter, the verdicts of the jury are valid and enforceable.
Because we have concluded that the state court had jurisdiction over the defendant at the time of his convictions by the jury, we need not reach the prescription issue raised by defendant on appeal.
For the reasons assigned, defendant's convictions and sentences are affirmed.
AFFIRMED.
CALOGERO and LEMMON, JJ., concur and assign reasons.
*841 CALOGERO, Justice, concurring.
I concur. I agree that the jurisdiction of the state court was not divested because defendant did not follow the statutory provision regarding filing a copy of the federal court petition with the clerk of the state court.
I disagree, however, with the statement by the majority that filing with the minute clerk of the particular section of court to which the case is allotted is not as likely to come to the attention of the trial judge as filing with the Clerk of Court. I believe that the realities are to the contrary.
For the foregoing reason, I respectfully concur.
LEMMON, Justice, concurring.
I am disinclined to affirm the trial court's denial of the motion to quash on the technical basis that notice of the motion to remove was filed with the wrong officer of court, when the court apparently had actual notice of the filing.[1] I would prefer to address the merits of the issues raised by the motion to quash.
Defendant filed the motion to quash the indictment based on the state's failure to prosecute within the statutory time limits. The underlying contention is that there had been no valid trial since at the time of the trial in which defendant was convicted, a motion to remove was pending, and the state court lacked jurisdiction.
Defendant's February, 1976 conviction is facially valid. Until that conviction is vacated and annulled, there is no basis for filing a motion to quash the indictment underlying the conviction. Defendant must first attack the conviction directly.[2]
I would treat defendant's motion as a post-conviction attack based on lack of jurisdiction (which is the ground asserted in the motion). See C.Cr.P. Art. 930.3(2).
Defendant did not appeal the February, 1976 conviction, although his counsel allegedly objected to the court's jurisdiction at the beginning of trial.[3] C.Cr.P. Art. 930.4 C (effective at the time this motion was filed) prohibits a defendant from asserting a post-conviction claim which he raised in the trial and inexcusably failed to pursue on appeal. Since defendant had knowledge of the ground now asserted and offers no excuse for not pursuing on appeal his claim of lack of jurisdiction, the trial court properly denied post-conviction relief. One purpose of C.Cr.P. Art. 930.4 C is to assure finality of convictions in cases in which there is no complaint regarding the essential fairness of the proceedings.
Even more fundamentally, and even without reliance on C.Cr.P. Art. 930.4 C, I would hold that the Louisiana court did not lose jurisdiction because of the bad faith filing of the motion to remove (which was immediately rejected by the federal court).[4] A bad faith motion to remove should not divest jurisdiction so as to require annulment of a conviction at least in the absence of a showing of prejudice in the determination of guilt or innocence.

On Application for Rehearing
PER CURIAM.
Rehearing denied. However, in our original opinion we mistakenly affirmed defendant's *842 conviction and sentence. Rather we should have recalled the writ as improvidently granted. We therefore change the decree to read as follows:

DECREE
WRIT RECALLED AS IMPROVIDENTLY GRANTED.
NOTES
[*] Judges E. L. Guidry, Jr. and G. William Swift, Jr. of the Court of Appeal, Third Circuit and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson and Harry T. Lemmon.
[1] Although defendant alleges that the trial was conducted over his counsel's objection, the record before us, including the court minutes, does not confirm that any motion was made by defendant for a stay of the state court's proceedings or that defendant otherwise objected to the trial conducted on February 10 and 11, 1976.
[2] We note that subsequent to the time relevant to the instant matter, 28 U.S.C.A. § 1446 was amended. See, 28 U.S.C.A. § 1446 (pocket part).
[1] The defense attorney testified at the hearing on this motion to quash that he filed the notice "in the office of the clerk of court on the top floor of this building" before filing other copies of the notice with the district attorney and with the minute clerk in the division in which the case was assigned. Defense counsel also testified that he objected to the jurisdiction of the court just before trial both at a conference in chambers and in open court.
[2] Even if the conviction had been successfully attacked prior to the filing of the motion to quash, prescription arguably did not begin to run on the indictment until the facially valid conviction was annulled.
[3] The record does not contain an objection, although defense counsel testified that he did object for the record. See footnote 1.
[4] The motion to remove was filed on the very morning of trial on totally non-meritorious grounds which could have been asserted earlier, if it was a good faith contention. Under present federal laws a motion to remove must now be filed within 30 days of the indictment.

The apparent bad faith continued when defendant waited five years after conviction to assert lack of jurisdiction, thereby creating a possible plea of prescription.