YELVERTON, Judge.
This case is again before us [its first appearance is reported in 409 So.2d 298 (La.App. 3rd Cir.1981), writ denied 411 So.2d 464 (La.1982) ], this time as an appeal from the dismissal of an action of nullity. The action of nullity sought to annul the judgment of the Ninth Judicial District Court rendered and signed in the captioned case on October 13, 1980, and later affirmed by this court in the decision cited above. The petition to annul the judgment alleged that the testimony and evidence on which the judgment was based was taken after removal of the case to the United States District Court for the Western District of Louisiana, and before remand, and that therefore the judgment, based on proceedings conducted while the Louisiana Court was without jurisdiction, is a nullity.
The plaintiffs in the instant action of nullity are the same as the plaintiffs in the action the final judgment in which is sought to be annulled. Likewise, the defendants are the same in both cases.
To the action of nullity the defendants filed the peremptory exception of no cause of action. In the alternative, defendants moved for summary judgment. The trial court sustained the exception and granted the motion. The nullity action was dismissed. We affirm. We find that the action was properly dismissed on the exception of no cause of action for the reasons which we will now explain.
As this court stated in Ingram v. Reliable Finance Company, Inc., 410 So.2d 768 (La.App. 3rd Cir.1981):
“Our jurisprudence is well settled that the exception of no cause of action is tried solely on the face of the petition and attached documents. In ruling on an exception of no cause of action, all well-pleaded facts in the petition and attached documents must be accepted as true and any doubt must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir.1975).”
We quote relevant allegations from the petition in the instant case as follows:
“1.
“On September 22, 1980, a jury trial commenced in an action by the present petitioners against the present defendants entitled ‘GUSTAVE M. KAPLAN Y. MISSOURI PACIFIC RAILROAD CO., ET AL’.... The trial lasted approximately three weeks, .... That trial eventually culminated in a verdict for defendants and thereafter in judgment for defendants, rendered on October 13, 1980....
[[Image here]]
“3.
“During the course of the jury trial in the action referred to in paragraph 1, supra, defendants Missouri Pacific Railroad and L.B. Crain twice removed the case to federal court, to wit:
“(a) At 12:00 noon on September 23, 1980, defendants filed the [first] petition for removal ... and at approximately 12:20 p.m. on the same date filed a copy of those removal papers with the clerk of the state court. This occurred while a witness, Dr. Bernard Kaplan, was under examination in the presence of the jury. The state court continued to function throughout the testimony of that witness and until 2:00 p.m. on that date. Thereupon, the state court trial was recessed pending the federal court’s ruling on plaintiffs’ motion to remand.... Thereafter, on September 26, 1980, the United States Court of Appeal for the 5th Circuit ... *491 ordered the case remanded to the state court....
“(b) The state court trial resumed on September 29, 1980. On that date, at 12:12 p.m., defendants filed in federal court their second petition for removal ... and immediately thereafter served those removal papers on opposing counsel and on the state court. The state court continued to function; the jury trial proceeded while the cáse was in federal court pursuant to defendants’ removal thereof. Plaintiffs filed in federal court a motion to dismiss the removal petition_ At 10:46 a.m. on October 1, 1980, the United States District Court for the Western District of Louisiana granted plaintiffs’ motion to dismiss the removal petition.
[[Image here]]
“4.
“As will be seen from paragraph 3 hereof, the state court during the trial ... continued to purport to exercise jurisdiction and the jury trial in that action proceeded during two periods of time during which the case was in federal court: first, on September 23, 1980, from approximately 12:00 p.m. until approximately 2:00 p.m.; second, from approximately 12:12 p.m. on September 29, 1980, until approximately 10:46 a.m. on October 1, 1980. Under 28 U.S.C.A. 1446(e) and under well settled federal and state jurisprudence, a state court is absolutely without subject matter jurisdiction during the period between removal of a case to federal court and the return of that case to state court by action of the federal court. Accordingly, petitioners assert that the judgment in the action entitled ‘GUSTAVE M. KAPLAN, INDIVIDUALLY AND AS CURATOR FOR THE INTERDICT LINDA KAPLAN v. MISSOURI PACIFIC RAILROAD, ET AL’, docket number 86,835, is a nullity within the terms and intendment of La.C.C.P. Article 2002.”
There are some documents attached to the petition to annul. One of them is a copy of a pleading styled “Motion to (a) Dismiss Petition for Removal and, in the Alternative, (b) Motion to Remand to State Court”, filed by plaintiffs on September 30, 1980, in federal district court. In this attached document plaintiffs alleged the following concerning the first removal proceeding:
"... Plaintiff’s first witness, Dr. Bernard Kaplan, was on the stand and testifying when at 12:00 noon, September 23, 1980, defendants filed a petition for removal of the state court suit with the federal court. Dr. Kaplan had completed testifying on direct and cross examination (and had been released by both sides) by the time a copy of the removal petition was filed with the Clerk of the Ninth Judicial District Court and the matter brought to Judge Lee’s attention. At that time, Judge Lee suspended the entire proceedings, concluding that he had no further jurisdiction.”
In the same attached document plaintiffs made the following allegations with regard to the events of September 29, 1980, involving the second removal action:
"... defense counsel announced that removal papers were being filed in federal court, and that copies of those papers were being handed to plaintiff’s counsel. The removal petition was in fact filed at 12:12 p.m. They were also attempted to be handed to the judge, who refused to receive them. The removal papers were not properly filed with the clerk of the state court.”
The plaintiffs contend that based on the facts pleaded by the petition and attached documents the trial court was without subject matter jurisdiction during the two periods between removal to federal court and the subsequent returns of that case to state court, and that therefore the October 13, 1980, judgment is a nullity within La.C. C.P. Article 2002. We disagree. We find the trial court had jurisdiction during the entire proceedings of the case under the facts alleged in the petition and attached documents.
The Supreme Court of Louisiana in State v. Butler, 405 So.2d 836 (La.1981) analyzed *492 the federal procedure for removal statute and explained how the statutory requirements must be strictly met before a state court loses jurisdiction. The court said:
“The procedure for removal is set forth in 28 U.S.C.A. § 1446 which provides in pertinent part:

“(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for a district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

[[Image here]]

(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

[2,3] Briefly, 28 U.S.C.A. § Í446 requires that the petitioner file with the federal court a verified petition, setting forth those facts that entitle him to removal. After he has filed the petition with the federal court, the petitioner must give written notice of removal to all adverse parties and file a copy of the petition with the Clerk of the state court. The requirement of filing the removal petition with the Clerk of the state court is of particular importance. Such filing gives the state court formal notice of the federal court’s involvement in what had previously been only a state court affair. The federal statute specifically provides that upon filing the removal petition with the state court, the state court is prohibited from proceeding any further with the case. This provision is designed to preclude any conflict between the two court systems by divesting the state court of jurisdiction over the matter until such time as the federal court determines if it has jurisdiction or that a remand back to the state court is necessary. It is well-settled that once the procedure for removal has been followed and so long as the case has not been remanded, any subsequent action by the state court is void, even if the case was removed improperly. See Georgia v. Rachel, [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925] supra; State ex rel. Gremillion v. National Association for the Advancement of Colored People et al., [90 So.2d 884 (La.)] supra.
[[Image here]]
28 U.S.C.A. § 1446(e) specifically provides that defendants shall file a copy of the removal petition with “the clerk of such state court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded.”
[4, 5] The obvious purpose of requiring defendants to file a copy of their removal petitions with the clerk of the state court is to afford actual notice of pending removal actions to the state court. Certainly, filing the subject petition with an employee of the trial judge, who is in no way connected with the office of the Clerk of Court for the Criminal District Court of Orleans Parish, does not insure the requisite notice. The requirements of filing defendant’s petition for removal with the clerk of the state court, and of giving notice to adverse parties, are not merely modal or formal, but rather constitute mandatory conditions precedent to termination of jurisdiction of the state courts and assumption of jurisdiction by the federal court. Beleos v. Life & Casualty Ins. Co. of Tennessee, 161 F.Supp. 627 (U.S. D.C. — E.D. South Carolina, 1956). The procedure for effectuating removal of matters to the federal court is simple and straightforward. We must presume that Congress when specifying the procedure for removal intended to require compliance. Beleos v. Life & Casualty Ins. Co. *493 of Tennessee, supra. We observe that the federal courts have permitted some relaxation of the aforesaid procedure where the defendant is proceeding pro se. U.S. ex rel. Echevarria v. Silberglitt, 441 F.2d 225 (U.S.C.A. 2d Cir.1971). However, in the instant case, the defendant was represented by able counsel. We can discern no reason to permit anything less than strict compliance with the simple procedure for removal set forth in 28 U.S.C.A. § 1446. Therefore, we conclude that the state court was not properly notified of defendant’s removal petition as mandated by statute. Thus, removal to the federal court was never effected and it follows, the state court was never divested of jurisdiction over the defendant. Since the state court was never divested of its jurisdiction over the instant matter, the verdicts of the jury are valid and enforceable.” (Emphasis supplied)
We will now explain why it is that we conclude these pleadings do not state a cause of action, considering the pleaded facts in the light of State v. Butler, supra. We will examine the two removals separately.

THE FIRST REMOVAL

Accepting as true the facts alleged in the petition and attached documents, the defendants filed their first petition for removal in federal court at 12:00 noon on September 23, 1980. At 12:20 P.M. the defendants filed a copy of the removal papers with the clerk of the state court. The trial was in progress at this time. The trial continued during the lunch hour with the testimony of a medical witness. The medical witness had completed his testimony (about 2:00 P.M.) by the time the removal matter was brought to the trial judge’s attention. “At that time”, according to the pleadings, “Judge Lee suspended the entire proceedings, concluding that he had no further jurisdiction.”
Under State v. Butler, supra, the state court is divested of jurisdiction once the mandatory conditions of 28 U.S.C.A. § 1446(e) are complied with. These conditions are the filing of a verified petition for removal in federal court, written notice of removal on all adverse parties and the filing of a copy of the petition with the clerk of the state court. In the present case the petition fails to allege the essential condition that written notice of the removal was given to all adverse parties. However, we do not rest the decision that the petition regarding the first removal fails to state a cause of action on that premise, for it is possible plaintiffs could amend to allege that the written notice requirement was complied with. We base our decision on the pleaded fact that the trial court suspended the proceedings once it was given notice of removal. We find that the trial court retained jurisdiction until that time.
In Butler, supra, the court states that the purpose of the requirement of 28 U.S.C.A. § 1446(e) that a copy of the removal petition be filed with the clerk of the state court is to afford actual notice of pending removal actions to the state court. We find in the present case where there was a proceeding in progress and the jurisdiction of the state court is technically divested upon the filing of the copy of the removal petition with the clerk of the state court, the subsequent proceedings had by the state court were not rendered void until the state court had actual notice that the mandatory conditions of 28 U.S.C.A. § 1446(e) had been complied with. The pleadings in the present case indicate that the proceedings were immediately suspended by the trial judge once he was so notified. Under these pleaded facts the plaintiffs do not state a cause of action in nullity with regard to proceedings surrounding the first removal.
As we interpret the Butler case, actual notice assured by strict compliance with the mandatory notice provisions marks the termination of state jurisdiction. But actual notice to the trial judge will almost never be accomplished instantaneously with the filing of the copy of the removal petition with the state clerk of court, unless the judge happens to be present in the clerk’s office when the filing occurs. When a trial *494 is going on when the filing occurs, some period of time must necessarily elapse between the actual filing and notification of the filing to the trial judge. We cannot believe that the filing with the clerk of the state court creates an instantaneous loss of jurisdiction having the result of stamping as null any subsequent judgment rendered in the cause after remand on the ground that some testimony, however little, occurred during removal and before the trial judge was made aware that the conditions had been met for the termination of his jurisdiction.
We are simply giving the Butler decision’s emphasis on actual notice a common sense interpretation, when we hold that in a case where a state trial is in progress and a removal petition is filed, the continuation of the proceedings for a reasonably short, explainable period of time between actual filing with the clerk of the state court and notification to the trial judge of the fact of such filing, will not render null the entire later remanded proceeding based on lack of jurisdiction, because the state court’s jurisdiction does not terminate until strict compliance with the procedure for removal outlined by 28 U.S. C.A. Section 1446 is met, together with the practical necessity that somehow the trial judge must get actual notice of what has happened.

THE SECOND REMOVAL

As to the second removal petition, the alleged facts establish the removal petition was not filed with the clerk of the state court as required by 28 U.S.C.A. § 1446(e). Since Butler, supra, declares that this is a mandatory condition precedent to termination of jurisdiction of the state court and we conclude that under the alleged facts the state court was never divested of jurisdiction over the subject matter of the suit during the second removal period, the plaintiffs’ petition fails to state a cause of action in nullity with regard to the second removal.
For the above reasons, the judgment granting the defendants’ peremptory exception of no cause of action is affirmed at appellants’ costs.
AFFIRMED.
KNOLL, J., dissents and assigns written reasons.