KNOLL, Judge,
dissenting.
The record does not support the majority opinion that the trial judge did not have actual notice until 2:00 P.M. All requirements for removal were met by 12:20 P.M., but the state court did not divest itself of jurisdiction until 2:00 P.M., during which time a witness was permitted to continue to testify until he completed his testimony. It is well settled in federal and state courts that the 1446(e) requirement that state courts “shall proceed no further unless and until the case is remanded” operates to render void any state proceedings after the filing of a removal petition. The trial judge stated in his written reasons:

“The law thus compels the conclusion that the proceedings of the state court during the interim between removal at 12:20 p.m. September 23rd and remand on September 26th were invalid and void.”

However, the trial court erroneously concluded that:

“The cases cited above, which hold that Section 1446(e) operates to render void any state proceedings subsequent to the removal, are not controlling in this particular factual situation. Those cases invalidated state court judgments rendered prior to remand by the federal court, which were adverse and prejudicial to the removing party, thus in effect penalizing the removing party for exercising his rights under federal law. Such is not the case here. The action taken by the state court in this instance was the receipt of evidence from plaintiffs' witness and plaintiffs herein were the parties opposing removal. No prejudice to plaintiffs as a result of the removal has been alleged. Additionally, the state court did not 
*495
render final judgment until long after remand by the federal court.

In conclusion, the court’s ruling is not a validation of the state court proceedings after removal. Those proceedings are void in that the state court was deprived of the power to exercise its jurisdiction. That result, however, does not serve to deprive the state court of its power and authority to render a valid final judgment in the matter after remand.”

As to the second removal, although it was not filed with the state Clerk of Court, the removal petition was served on all parties and the trial judge (albeit he refused service) which fulfilled the requirement of giving actual notice. The filing with the state Clerk of Court in this case would only have been superfluous since this requirement serves as an assurance to the state court of actual notice. State v. Butler, 405 So.2d 836 (La.1981).
For these reasons, I respectfully dissent.