Charles **BUTLER**

v.

**C. Paul PHELPS, Secretary of Louisiana Department of Corrections and William Guste, Attorney General of the State of Louisiana.**

**Civ. A. No. 84–3365.**

United States District Court, E.D. Louisiana.

Dec. 20, 1984.

Lawrence J. Boasso of Noland & Boasso, New Orleans, La., for petitioner.

Joanne C. Marier, Asst. Dist. Atty., New Orleans, La., for respondents.

### ORDER AND REASONS

FELDMAN, District Judge.

On August 22, 1984 this matter was referred to a Magistrate for the purpose of conducting hearings, including evidentiary hearings, if necessary, and submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rule governing Section 2254 cases.

Upon review of the record submitted by the respondent, the Court has determined that the state court records are sufficient for the purpose of adjudication of petitioner's claim, a federal evidentiary hearing is not necessary, and the petition should be dismissed for the following reasons.

Accordingly, the order of reference to the Magistrate is revoked and it is ordered that the petition be denied.

Charles Butler is a state court prisoner currently incarcerated in the custody of the Louisiana Department of Corrections. On February 11, 1976 Butler was convicted after trial, by jury, in the Criminal District Court for the Parish of Orleans of two counts of possession of heroin with intent to distribute. On February 26, 1976 he was sentenced to a term of life imprison-

ment on each count; the sentences to run concurrently. He did not appeal the conviction.

In the instant application for federal habeas corpus relief Butler asserts that his conviction violated due process of law for the reason that the Criminal District Court lacked jurisdiction because Butler had filed a removal petition with the United States District Court, Eastern District of Louisiana, alleging that as a black man his civil rights were being denied because of the racial composition of the grand jury that indicted him.[1] On February 13, 1981 Butler presented this issue to the Criminal District Court by means of a motion to quash. On February 25, 1981, after hearing, the trial court denied the motion. Butler applied for a writ of certiorari to the Louisiana Supreme Court which was granted. *State of Louisiana v. Butler*, 400 So.2d 906 (La.1981). On September 28, 1981 the Louisiana Supreme Court in a lengthy discussion held that Butler's removal procedure was improper because Butler's counsel failed to file a copy of the removal petition with the Clerk of the Criminal District Court as required by 28 U.S.C. § 1446(c).[2]

"The record reflects that defendant's removal petition was filed with the U.S. District Court for the Eastern District of Louisiana on February 10, 1976, the date of trial. Additionally, the record reflects that a copy of defendant's removal petition was filed with the district attorney's office at 9:08 a.m. on February 10, 1976. As previously stated, defendant contends that he filed a copy of his removal petition with the state court thus, properly effecting notice. A careful examination of the record before us clearly indicates that the defendant did not file the removal petition with the Clerk of Court of the Criminal District Court for Orleans Parish. Rather, the defendant filed the subject removal petition with Michael Roig, a minute clerk employed by the state

---

1. *State of Louisiana v. Charles E. Butler,* United States District Court, Eastern District of Louisiana, Criminal Action No. 76–128 "F".

2. Justices Calogero and Lemmon concurred in the majority decision but for other reasons.

**4**

court trial judge. Thus, the question now becomes whether or not the filing of a removal petition with a minute clerk employed by the trial judge is in compliance with the notice requirements essential to the removal of actions to the federal court as set forth in 28 U.S.C.A. § 1446. We conclude that such filing does not comply with the aforesaid statute."

> *State of Louisiana v. Charles Butler*, 405 So.2d 836, 839–840 (La.1981)

Petitioner has exhausted his state remedies and this Court, therefore, has jurisdiction. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The sole issue presented for determination by this Court is whether Butler is in custody in violation of the Constitution or laws of the United States.

A review of the state court record and the records of this Court establishes the following facts.

On September 19, 1975 Butler was arrested pursuant to an arrest warrant charging him with selling/distributing two papers of heroin to an undercover officer on June 13, 1975. Although counsel was initially appointed to represent Butler the record reflects that by December 4, 1975 Butler was represented by William Noland, a private attorney.

On January 13, 1976 William Noland filed a motion to quash the grand jury indictment based on the racial composition of the grand jury. The matter was set for hearing on January 19, 1976 and, after hearing, the motion was denied. The trial was set for February 10, 1976.

On February 10, 1976 at 8:38 a.m. William Noland, on behalf of Butler, filed a petition for removal.[3] Butler's trial commenced on February 10, 1976 in the Criminal District Court for the Parish of Orleans.

A transcript of the opening segment of the trial reflects that Mr. Noland advised the Court that his client was not ready for trial because Noland had filed a petition for removal on Butler's behalf. Noland advised the trial judge that he wished to formally file a copy of the petition for removal into the record and the trial judge accepted the petition for filing. The petition was then accepted by the Court's minute clerk, Michael D. Roig, and dated and signed. Butler was tried and convicted on the two count indictment lodged against him. As stated earlier, he never appealed.

On February 13, 1981 Butler filed a motion to quash the indictment alleging that the trial court lacked jurisdiction due to the removal to the United States District Court, Eastern District of Louisiana.[4] On February 25, 1981 the state court trial judge, after hearing, denied the motion. Butler filed for a writ of certiorari which was granted. *State v. Butler*, 400 So.2d 906 (La.1981). On September 28, 1981 the Louisiana Supreme Court held that Butler's petition for removal had not removed jurisdiction from the State Court since Butler had not filed the petition with the Clerk of the Criminal District Court but, rather, had filed the petition with the trial judge's minute clerk. *State v. Butler*, 405 So.2d 836 (La.1981).

The ultimate holding of the Louisiana Supreme Court is correct, but for reasons other than those given by that court. The purpose of the statutory requirement that a copy of the removal petition be filed with the Clerk of the state court is to inform the state court judge of the existence of the removal petition. Filing the petition for removal with the state court judge, in open court, which is then received and filed in the record by the judge's minute clerk satisfies the filing requirement. See *Adair Pipeline Company v. Pipelines Local Union, No. 798*, 203 F.Supp. 434 (D.C.Tx., 1962). Even constructive notice of the filing of the removal petition is sufficient. *Medrano v. State of Texas*, 580 F.2d 803 (5th Cir.1978).

---

**3.** Copy of the complaint filed in Cr. 76–128 "F" is attached hereto.

**4.** Although Butler was convicted and sentenced in 1976 he did not seek review until 1981.

Butler was convicted and sentenced in February of 1976. Butler did not seek appellate review of this issue until 1981. When the Louisiana Supreme Court denied Butler's relief in September of 1981 Butler, through his counsel, Noland, waited an additional three years until July of 1984 before seeking relief in this forum.[5] It is a recognized fact that witnesses become unavailable with the passage of time due to death, relocation, and other factors, that evidence is frequently lost or destroyed after a conviction. While the relief which this Court can grant involves setting aside the conviction and allowing the State to retry Butler, due to the lengthy period of time since conviction, this relief would, in all probability, result in his release. As noted by the Fifth Circuit Court of Appeals in *Johnson v. Estelle*, 625 F.2d 75 (5th Cir.1980) form must not override the substance of the law. We long ago passed the Age of Technical Niceties.

■ Although the course followed by the state trial judge should not be encouraged, it was not fatal in this instance. Butler's petition for removal was simply not timely filed.

On these facts, one might argue that Butler's petition was technically filed prior to trial (by at most a few seconds or minutes), as required by Section 1446(c). But this Court does not interpret Section 1446(c) as compelling such a technical application. This Court believes that the "before trial" measure in the statute means that unless grounds for removal arise or are, with good cause, not noted until immediately prior to trial, a petition for removal in a criminal case, under the law as it existed even prior to 1977, and thereafter, must be filed within a reasonable time before trial. Butler's lawyer filed a motion to quash the indictment because of the alleged improper racial composition of the grand jury on January 13, 1976 and the

motion was denied January 19, 1976, according to the record. Butler had some three weeks to seek removal but waited until the last moment, the morning of trial, to do so. To permit the result Butler seeks, would permit a wholesale manipulation of criminal justice.

The 1977 Amendment to Section 1446(c) supports this Court's interpretation of the law. 1446(c)(1) now provides that in a criminal prosecution a petition for removal must be filed not later than 30 days after arraignment or at any time before trial, "whichever is earlier". The legislative history of the amendment teaches that substantive rights of defendants are not changed; in other words, the amendment did not change existing law. See H.R.Rep. No. 95–195, 95th Cong. 1st Session 8 (1977).

■ Butler's petition for removal did not void the state court's jurisdiction; therefore, Butler's conviction does not violate the Constitution or laws of the United States and his petition must, accordingly, be denied.

Having concluded that an evidentiary hearing is not necessary and that each of the grounds urged in support of this petition are without merit, the Court orders that the petition be dismissed with prejudice.

---

5. Although this Court is precluded from reading Mr. Noland's mind, the timing of the petition for removal, completely inadequate grounds for filing, and the overall facts, create an appearance that Noland filed the petition for removal solely to obtain a continuance. The Court is also mindful that a State's criminal justice system could be thrown into complete chaos if petitioners are permitted at the last moment to file removal petitions which are without merit and which serve only to disrupt their trial dates.