Charles BUTLER, Petitioner-Appellant,

v.

John T. KING, Secretary of Louisiana
Department of Corrections and William
J. Guste, Jr., Attorney General, State of
Louisiana, Respondents-Appellees.

No. 85–3044.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1986.

Noland & Boasso, William Noland, New
Orleans, La., for petitioner-appellant.

Joanne C. Marier, Pamela S. Moran,
Hammond Scott, Asst. Dist. Attys., New
Orleans, La., for respondents-appellees.

Before BROWN, REAVLEY and HILL,
Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The question presented to us is whether
a state court loses jurisdiction to try a
felony indictment during the time that the
case is before the federal court on a civil
rights removal petition that is later deter-
mined to be without merit. The question
arises in the context of William Butler's
appeal from the dismissal of his petition for
a writ of habeas corpus. The District
Court judge dismissed the petition on the
grounds that Butler's attempted removal of
his case to federal court was not filed with-
in a reasonable time before the commence-
ment of his trial in Louisiana state court,
615 F.Supp. 2. Because we find that no
"reasonable time" requirement existed in
the relevant removal provision before 1977,
we reverse.

### Justice Delayed is Denied

The facts of this case are neither compli-
cated nor controverted. On September 17,
1975, an Orleans Parish Grand Jury indict-
ed Butler on two counts of distribution of
heroin. Butler pleaded not guilty to both
counts and trial was set for January 27,
1976. Later, the trial date was reset for
February 10, 1976.

On the morning of February 10, the date on which trial was to begin, Butler's attorney, William Noland, filed a verified petition for removal of the case under 28 U.S.C. § 1443 with the United States District Court for the Eastern District of Louisiana. In his petition, Noland alleged that Butler's civil rights were being denied because of the racial composition of the grand jury that indicted him. Later on the morning of February 10, Noland delivered copies of the removal petition and the notice of its filing to the office of the Orleans Parish District Attorney. He then attempted to file copies of the notice and petition with the Clerk of Court for the Orleans Parish Criminal District Court, but the Clerk's office personnel informed Noland that he must file his papers in open court.

The transcript of the opening segment of the trial reveals that Noland advised the court that his client was not ready for trial because Noland had filed a petition for removal to the federal court on Butler's behalf. Noland advised the trial judge that he wished to enter a copy of the removal petition in the record, and the trial judge granted Noland's request. The petition was received and dated by the court's minute clerk. Noland then informed the court that he was not ready for trial because of the removal petition pending on Butler's behalf. Nevertheless, the judge ordered the trial to proceed and on February 11, Butler was convicted on both counts. On February 12, the day after the trial was completed, the United States District Court, with Noland and attorneys for the state present, remanded Butler's removal petition back to the state court. On February 26, 1976, Butler was sentenced to serve two concurrent terms of life imprisonment.

Butler began his present spate of appeals in early 1981. He moved in the state court to quash the indictment on the grounds that the removal of his action to federal court before trial deprived the state court of jurisdiction over his case and rendered his conviction a nullity. The court denied his motion.

Butler next filed for a writ of certiorari in the Louisiana Supreme Court. That court affirmed Butler's conviction and sentences, holding that the filing of his removal petition with the state district court's minute clerk, rather than with the Clerk of Court of the Orleans Parish Criminal District Court, violated the filing requirements of 28 U.S.C. § 1446 and thus did not deprive the state court of jurisdiction over him. *State v. Butler*, 405 So.2d 836, 839–40 (La.1981).

Butler next filed an application for a writ of habeas corpus, first in the state district court, then in the state appeals court, again asserting that the trial court lacked jurisdiction over him at the time of trial. The court of appeals transferred his petition to the Louisiana Supreme Court which denied it on June 1, 1984.

Butler filed the instant petition for a writ of habeas corpus in the Eastern District of Louisiana on July 10, 1984. The district judge dismissed the petition on December 20, 1984. The court first held that the state trial judge's acceptance for filing of Butler's removal petition satisfied 28 U.S.C. § 1446's requirement that a copy of the removal petition be filed with the state court clerk. But the District Court also held that the removal petition was not timely filed. The judge reasoned that 28 U.S.C. § 1446(c)'s requirement that a copy of the petition be filed "before trial" implied a "reasonable time before trial"; allowing criminal defendants to remove their cases at the last moment would "permit a wholesale manipulation of criminal justice."

The court found support for its position in a 1977 amendment to § 1446. Section 1446(c)(1) now requires that, in a criminal prosecution, a removal petition must be filed not later than 30 days after arraignment, or any time before trial, whichever is earlier. Since the legislative history of this 1977 amendment purported not to change the substantive rights of defendants, the court reasoned that its "reasonable time before trial" gloss on § 1446(c) must have applied before as well as after the 1977 amendment.

Butler now appeals the dismissal of his habeas corpus petition.

### Automatic Removal

■ We start by agreeing with the District Court's holding that Butler satisfied 28 U.S.C. § 1446's requirement that a copy of the removal petition be filed in state court. It is accepted Fifth Circuit law that actual or constructive notice of the removal of a case to federal court will satisfy the filing requirement of 28 U.S.C. § 1446(e). *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir.1985); *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir.1978); *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434, 437 (S.D. Tex.1962) (presentation of removal petition to judge in open court satisfies the notice requirements of 28 U.S.C. § 1446(e)), *aff'd*, 325 F.2d 206 (5th Cir.1963). *See also United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir.1971) ("a holding that a technical defect in the notice should preclude removal would give unjustified importance to a largely formal requirement").

Since Butler's presentation of his removal petition to the Louisiana district court judge satisfied the notice requirements of 28 U.S.C. § 1446(e), the only remaining question is whether the state court had any jurisdiction over Butler in proceeding to trial. The District Court held that the state's action was proper because, by waiting until the last minute before trial to file his removal petition, Butler violated an implied requirement that the notice of removal be filed a "reasonable time" before trial. We disagree.

Before 1948, most removal proceedings, including criminal proceedings in which the defendant alleged a violation of his civil rights, were required to be initiated in the state courts. Under former 28 U.S.C. § 72 (1940), the defendant had to give notice to the adverse party; file his removal petition and bond with the state court within the time allowed under state laws or court rules "to answer or plead"; file a certified copy of the record in federal district court within 30 days thereafter; and finally, after the record was filed, "plead, answer, or demur" in the federal court within 30 days. 1A J. Moore, B. Ringle, & J. Wicker, Moore's Federal Practice ¶ 0.168[2] (2d ed. 1985).

Under this procedure, the state court was "not required to let go its jurisdiction until a case is made which, upon its face, shows that the petitioner can remove the cause as a matter of right." *Removal Cases, Meyer v. Delaware R. Const. Co.*, 10 Otto (100 U.S.) 457, 474, 25 L.Ed. 593, 600 (1879). Even if the state court refused to grant the removal, however, the defendant could proceed in the federal court. Thus, the inconclusive nature of the state court's determination of the removal petition's merits created the possibility of parallel proceedings in state and federal court.

> When a petition for removal to a federal court is denied by the state court, the petitioner may do one of three things. He may object to the ruling, save an exception, and litigate the cause in the state courts. He may remove the suit to the federal court despite the ruling of the state court. He may proceed in both courts at the same time.

*Metropolitan Casualty Ins. Co. v. Stevens*, 312 U.S. 563, 567, 61 S.Ct. 715, 717, 85 L.Ed. 1044, 1047 (1941) (citations omitted).

This uncertainty was compounded by other possibilities. After the case was prosecuted in the state trial court, a state appeals court could conclude that the lower court erred in refusing to grant removal and could vacate the judgment with instructions to remove. The federal court could disagree and remand the case back to state court. Alternatively, if the defendant chose not to litigate in state court after the denial of his removal petition, he could attempt to obtain an injunction in federal court against the state court proceedings.

The Judicial Code of 1948 eliminated this confusing state of affairs by providing a uniform method for removal of civil actions and criminal prosecutions. The new section provided that all criminal petitions

shall be filed first in the federal district court. Once a copy of the removal petition is filed with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e). This automatic removal mechanism has remained in force to this day. *See e.g., Murray v. Ford Motor Co.,* 770 F.2d 461, 463 (5th Cir.1985) (state court was without power to set aside its own default judgment after it learned that case had been removed).

### Better Late than Never

Before 1977, 28 U.S.C. § 1446(c) provided that "[t]he petition for removal of a criminal prosecution may be filed at any time before trial." The courts consistently gave literal meaning to the words "any time before trial." *See Brown v. City of Meridian,* 356 F.2d 602, 606 (5th Cir.1966) (removal petition filed two-and-one-half hours before trial was timely); *New York v. Horelick,* 424 F.2d 697, 699 n. 2 (2d Cir.1970) (removal petition filed on the morning of the trial date was timely).

The fact that § 1446(c) was amended in 1977 to require removal of criminal prosecutions within 30 days of arraignment cannot change the fact that the pre-amendment language allowed removal of criminal prosecutions "any time before trial." Thus, we cannot agree with the district court's reading of the pre-1977 § 1446(c) to require removal within a reasonable time before trial. While we cannot sanction the use of removal petitions to harass or delay criminal prosecutions, it is clear that Congress intended for state court proceedings to be stayed while the merits of removal petitions founded on civil rights claims were considered in federal court.

■ We therefore conclude that the removal of Butler's case to federal court deprived the state district court of jurisdiction to try Butler between September 10, 1976, the date removal was effected, and September 12, 1976, the date the cause was remanded to state court. *See Hardwick v. Doolittle,* 558 F.2d 292, 296 (5th Cir.1977) (conviction in state court while removal pe-

tition pending was void); *South Carolina v. Moore,* 447 F.2d 1067, 1072–74 (4th Cir. 1971) (same).

We do not reach this result enthusiastically. Butler was indicted on September 17, 1975. His motion to quash the indictment based on the racial composition of the grand jury was denied on January 19, 1976, yet his attorney waited another three weeks until the morning of trial to seek removal. Butler's petition was based on a claim that his civil rights were violated by the Orleans Parish practice of excluding blacks from grand juries. Yet, a decade earlier the United States Supreme Court held that civil rights removal petitioners must point to a specific state statute or formal expression of state law, not merely an alleged practice, which denies the petitioner a specific federal right. *Georgia v. Rachel,* 384 U.S. 780, 800–04, 86 S.Ct. 1783, 1794–96, 16 L.Ed.2d 925, 938–40 (1966) (removal is warranted only if it can be predicted that a law of general application will deny a defendant a specified federal right); *City of Greenwood v. Peacock,* 384 U.S. 808, 826–28, 86 S.Ct. 1800, 1811–12, 16 L.Ed.2d 944, 956–57 (1966) (same; no federal law protects the type of criminal conduct charged). *See also South Carolina v. Moore,* 447 F.2d 1067, 1070 (4th Cir.1971) (*Rachel* and *Peacock* teach that the right of removal under 28 U.S.C. § 1443 is limited to cases in which the charged conduct enjoys federal protection). We take solace in the fact that Congress acted in 1977 to prevent abuses of the removal procedure and that this case could not arise today on identical facts. *See* 28 U.S.C. § 1446(c)(1).

Regardless of the merits and the timing of Butler's removal petition, however, our duty is clear. The State of Louisiana received valid notice of Butler's removal petition and elected to proceed to trial anyhow. A moment's look at the removal statute and the then-considerable body of civil rights removal decisions would have clearly revealed the absence of state court jurisdiction to try Butler. A brief recess and a short ride to the federal courthouse on Camp Street undoubtedly would have re-

sulted in quick and successful consideration of a motion to remand. Thus, responsibility for the highly unfortunate result that we reach today cannot be laid at the feet of Congress or the federal courts.

We hold that the Orleans Parish Criminal District Court lacked jurisdiction to try and convict Butler while his removal petition was under consideration by the District Court for the Eastern District of Louisiana. We remand to the District Court with directions to grant Butler a writ of habeas corpus unless the State of Louisiana initiates a trial against him within 90 days.[1]

REVERSED AND REMANDED WITH DIRECTIONS.

---

**1.** Nothing in this opinion should be construed to suggest that, as a matter of federal law, the State of Louisiana is barred from retrying Butler. We commit that and any related federal issue initially to the Louisiana state court.