**ADAIR PIPELINE COMPANY, Inc.**

v.

**PIPELINERS LOCAL UNION NO. 798 et al.**

**Civ. A. No. 2023.**

United States District Court
S. D. Texas,
Corpus Christi Division.
March 21, 1962.

Lloyd, Lloyd & Dean, Homer E. Dean, Jr., Alice, Tex., Fischer, Wood, Burney & Nesbitt, Tracy N. DuBose, Corpus Christi, Tex., for plaintiff.

Ryan & Eckhardt, Robert C. Eckhardt, Houston, Tex., Edward P. Anderson, William H. Shireman, Corpus Christi, Tex., for defendants.

GARZA, District Judge.

This cause of action was commenced as Cause No. 1230 in the 79th District Court of Jim Wells County, Texas, on June 29, 1961. The Plaintiff, Adair Pipeline Company, Inc., was suing two unions and their representatives, seeking an injunction against picketing, boycotting and other alleged acts being performed by the Defendants against the Plaintiff Company, and for damages which Plaintiff stated were in excess of the sum of $10,-000.00.

The State District Judge issued a temporary restraining order and set the same for hearing to show cause why the same should not be extended as a temporary injunction, for July 10, 1961, at 9:00 o'clock a. m.

On July 10, 1961, the Defendants filed their petition for removal, and bond, with this Court.

On July 10, 1961, the State Court proceeded to issue a temporary injunction against the Defendants, and on March 2, 1962, entered a final judgment in this cause, making the injunction permanent, with the Plaintiff waiving its right to damages.

On February 23, 1962, the Defendants filed in this cause and in this Court a motion for a preliminary injunction, seeking to set aside the temporary injunction issued by the State District Court on July 10, 1961, and that motion is before the Court.

The Plaintiff has countered with a motion to dismiss, filed in this Court on March 6, 1962, basing its motion for dismissal on the grounds that a copy of petition for removal and bond was never filed by the Defendants with the District Clerk of the State Court in compliance with Section 1446(e), Title 28 U.S.C.A. It is their contention that in view of this failure, the State Court never lost jurisdiction of the case, and since a final judgment has been entered by the State Court, the case is now moot and there is nothing that this Court can do in this matter.

At a hearing held before the Court on March 14, 1962, a certificate was presented to the Court from the District Clerk of Jim Wells County, Texas, certifying that no copy of the petition and bond for removal had ever been filed by the Defendants with his office before the entry of the final judgment of March 2, 1962.

It was stipulated by the parties, however, that an attorney for the Defendants, Mr. Edward Anderson, appeared before the State District Judge in open court on July 10, 1961, when the case was called as per the restraining order which was issued by the State District Judge; that in open court, with the Judge sitting on the bench, the attorney for the Defendants informed the State District Judge that the cause had been removed to the Federal Court, and tendered the Judge a copy of the petition and bond for removal, and gave the attorneys for the Plaintiff a copy of the same.

The attorney for the Defendants claims that when he handed the State District Judge the petition for removal, the Judge said, in effect, that he guessed that that was all that he could do.

The evidence shows that the attorney for the Defendants then left the State Courthouse. The evidence further shows that after he had left, the attorneys for the Plaintiff suggested to the State District Judge that since the petition for removal had not been filed with the District Clerk, as provided by Section 1446(e), the Judge had not lost jurisdiction of the case, and that it was then that the State District Judge issued his temporary injunction, which temporary injunction states that "The Defendants, though duly and legally cited to appear and show cause why said temporary injunction should not issue as prayed for, failed to appear and wholly made default."

It is admitted that the final judgment of March 2, 1962, by the State District Court was entered after the attorneys for the Plaintiff had received a copy of the motion for preliminary injunction, filed with this Court by the Defendants.

The issue before this Court is to determine whether Section 1446(e) of Title 28 U.S.C.A., which reads as follows:

"Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

was complied with.

Plaintiff argues that it was not complied with and that, therefore, the State Court never lost jurisdiction of the matter, and that the actions of July 10, 1961, and March 2, 1962, cannot be attacked.

With this contention, this Court cannot agree.

Rule 74 of the Rules of Civil Procedure of the State of Texas, reads as follows:

"The filing of pleadings and other papers as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk."

This rule was derived from Federal Rules of Civil Procedure, rule 5(e), 28 U.S.C.A., which reads as follows:

"The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."

As can be seen both by our State and Federal Rules, it is contemplated that at times papers may be filed with the judge, instead of the clerk.

■ We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement.

In the case before the Court, the evidence shows clearly that the State District Judge had this notice.

■ I hold that when a judge is hearing a matter in open court and on the bench, and an instrument, such as the petition for removal in this case, is handed over to him, it is not given to him to put in his hip pocket or throw in the wastebasket, but as an instrument that is filed with the papers in the cause; and since the clerk is the custodian of all documents that are submitted to the judge in open court and during a hearing, the District Judge was obligated to turn the petition for removal handed to him by the attorney for the Defendants, over to the Clerk. His failure to do what he is in law supposed to do will not deprive this Court of exclusive jurisdiction over this matter from the moment that the petition for removal was presented to him. If he had any doubts as to its authenticity, all he had to do was to inquire from the Clerk of this Court.

■ I hold that when a petition for removal is presented to a state district judge, in open court, the requirements of Section 1446(e), Title 28 U.S.C.A., have been complied with; that the state district judge is put on notice that the case has been removed from his court, and that he can no longer proceed.

■ Since this Court is holding that when the attorney for the Defendants handed to the State District Judge the petition for removal, the State District Judge could no longer proceed in the case, I hold that the temporary injunction issued by the State District Judge on July 10, 1961, and the final judgment entered on March 2, 1962, are void, and that Plaintiff is hereby prohibited from seeking to enforce in any manner the temporary injunction of July 10, 1961, or the permanent injunction of March 2, 1962.

■ Since I find that my action involves a controlling question of law as to which there might be substantial ground for difference of opinion, and I believe that an immediate appeal from the order may materially advance the ultimate termination of the litigation; under the authority granted to this Court by 28 U.S.C.A. § 1292(b), I authorize the Plaintiff to ask the Court of Appeals in its discretion to permit an appeal to be taken from this order.

The Clerk will make available to counsel a copy of this memorandum opinion, and will ask attorneys for the Defendants to prepare an order in accordance herewith.