**ADAIR PIPELINE CO., Inc., Appellant,**

v.

**PIPELINERS LOCAL UNION NO. 798**
**et al., Appellees.**

**No. 19666.**

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1963.

---

Tracy N. DuBose, for Fischer, Wood, Burney & Nesbitt, Corpus Christi, Tex., Homer E. Dean, Jr., for Lloyd, Lloyd & Dean, Alice, Tex., for appellant.

Robert C. Eckhardt, for Eckhardt & Ryan, Houston, Tex., Edward Anderson, Corpus Christi, Tex., for appellees.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Judge for the Southern District of Texas.

The action was originally commenced in the 79th District Court of Jim Wells County, Texas, on the 29th of June, 1961. The suit was by appellant as plaintiff against the appellees, as defendants, for damages and for an injunction to restrain appellees generally from attempting by strikes or other actions to force appellant to enter into a union contract. Judge Woodrow Laughlin of the 79th District Court entered a temporary restraining order and set the same for hearing on a

temporary injunction for July 10, 1961 at 9 o'clock A.M.

At approximately five minutes until 9 o'clock on July 10th, one of appellees' attorneys of record, Edward Anderson, came into the state courtroom for a brief time prior to the time that court was in session, bringing with him copies of a petition and bond for removal which had on July 10th been duly filed in the Federal District Court. He handed them to Homer E. Dean, Jr., one of appellant's attorneys of record and also presented copies to the Judge of the State Trial Court.

Shortly after the attorney for appellees left the court, it was suggested to the District Judge that a copy of the removal petition had not been filed in the office of the District Clerk for the 79th District Court, nor had the Honorable Woodrow Laughlin been requested to permit a copy of said petition for removal to be filed with him. Thereupon the district judge proceeded to hear evidence, and, upon the close thereof, the court entered its order of July 10th, granting a temporary injunction to appellant.

Again, appellees were duly and properly served with a temporary injunction on July 11, 1961, and their attorneys have never at any time attempted to discuss the matter in any way with appellant's counsel, nor did they at any time prior to March 2, 1962, file a copy of said removal petition with the Clerk of the 79th District Court of Jim Wells County, Texas.

Before the court convened on the 2nd day of March, 1962, appellees still not having made an appearance in the State Court by the filing of any answer or the filing with the clerk of the district court of a copy of the removal petition, appellant appeared before said court and took a non-suit as to its cause of action for money damages, and the State Court entered its judgment ordering a permanent injunction against appellees.

After the entry of final judgment in the State Court, appellant specially appeared in the Federal District Court and filed a motion to dismiss the cause on the grounds that the matter was moot for the reason that it had been finally decided by a court of competent jurisdiction by the entry of a final judgment.

The district judge, after a hearing on the 14th day of March, 1962, filed an opinion [1] and entered an order accordingly, overruling appellant's motion to dismiss and enjoining appellant from seeking to enforce the order and judgment of the 79th District Court of Jim Wells County, Texas. This appeal is from that order.

Agreeing with, and approving the opinion of the district judge, we affirm the judgment appealed from.

Affirmed.

GEWIN, Circuit Judge (concurring specially).

I concur in the result reached, but certainly there is a better manner and method of effecting removal in the circumstances of this case than was employed here. State Judges deserve and are entitled to respect, proper deference, and as much consideration as other Judges. If an emergency, or circumstances of unusual stress were shown to be present which prevented counsel for the Appellee from filing his removal petition earlier and calling the same to the State Judge's attention in a more respectful manner, the method used would probably be considered appropriate. No such emergency or stress were shown to exist here. Neither do I agree with the comments in the opinion of the United States District Court as to the duties and conduct of a State Trial Judge.

---

1. Adair Pipeline Inc. v. Pipeliners Local Union, etc., D.C., 203 F.Supp. 434.