**Mark A. DOUSTOUT, Plaintiff,**

v.

**G.D. SEARLE & CO., Defendant.**

**Civ. No. 88–0019 P.**

United States District Court,
D. Maine.

March 4, 1988.

---

**3.** Thus, the parties' disagreement regarding Lynn Norment's access to plaintiff's book is immaterial.

Anthony K. Ferguson, Lewiston, Me., for plaintiff.

Barbara H. Brown, Peter W. Culley, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING JOINT MOTION TO SET ASIDE DEFAULT

GENE CARTER, District Judge.

### I. Introduction

Plaintiff filed the instant action in Androscoggin County Superior Court ("the state court") on December 12, 1987. Defendant was served on January 4, 1988. On January 25, 1988, the last day for Defendant to respond to Plaintiff's Complaint, Defendant filed, in this Court, a Petition for Removal and, in lieu of an answer, a Motion to Dismiss. Defendant mailed a copy of the Removal Petition and Motion to Dismiss to Plaintiff and, it appears from the record, to the state court.

On that same day, January 25, 1988, Plaintiff filed for a default in state court. On January 28, 1988, the state court entered a default against Defendant. On February 17, 1988, Defendant moved this Court to set aside that default, on the grounds that the Removal Petition and Motion to Dismiss were filed before the state deadline for responding expired, that the removal petition was filed within the 30 days afforded under 28 U.S.C. § 1446, and that Defendant had meritorious defenses to Plaintiff's action. Plaintiff has consented to the motion being granted.

### II. Analysis

Removal to the federal court becomes effective as soon as the petition for removal is filed. *Berberian v. Gibney,* 514 F.2d 790 (1st Cir.1975). Thus, this Court's jurisdiction over the case attached on January 25, 1988, when Defendant filed his removal petition with the Clerk.

Because of the odd procedural chronology of the case, however, the state court had jurisdiction, too. The state court was not notified of the removal until at least three days after the removal petition was filed. In the interim between the filing of the removal petition in this Court and the filing of notice of the removal in state court, *both* courts had jurisdiction over the case. *Berberian* at 792–3. Therefore, the state court's entry of default against Defendant is valid, because it occurred before the state court was notified of the removal. The effect of the default is the same as if this Court had entered it upon Defendant's failure to answer a complaint originally filed here. *Berberian* at 793.

This Court must determine, therefore, whether it would vacate the default had it been entered here. Federal Rule of Civil Procedure 55(c) permits the Court to set aside a default "for good cause shown." The Court must consider six factors in determining whether an entry of default should be set aside for "good cause:" 1) the excuse or explanation for the default; 2) the existence of a meritorious defense; 3) the prejudice to the non-defaulting party; 4) the amount of money involved; 5) the good faith of the parties; and 6) the timing

of the motion to set aside. *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984).

Defendant's excuse for the default is, in the Court's view, conclusive. Defendant filed a removal petition and motion to dismiss in this Court before his deadline for responding to Plaintiff's Complaint in state court had expired, and before the 30–day federal deadline for removal had expired. He mailed the required notice of removal and of the motion to dismiss to Plaintiff and to the state court in which the action was commenced. As a result, although the state court did not know it, Defendant was not truly in default when default was entered against him.

Defendant claims, in addition, that he has a valid defense to Plaintiff's action, and has articulated that defense in his motion to dismiss. Plaintiff seeks to recover for loss of marital consortium resulting from injuries his wife allegedly suffered after using a product Defendant manufactured. Defendant claims, in defense, that Plaintiff and his wife were not married when the alleged injury took place, and that Plaintiff is therefore precluded from recovering for loss of consortium. The Maine Law Court has recognized the validity of this defense. *See Sawyer v. Bailey*, 413 A.2d 165 (Me. 1980).

Next, the Court can detect no prejudice to Plaintiff if the default against Defendant is vacated. Plaintiff has acknowledged this by consenting to the motion. Further, Plaintiff seeks damages of $300,000. Finally, the motion to vacate was filed less than one month after default was entered, and with the consent of all parties.

The Court finds, after its review of these factors, that the default entered against Defendant in state court should be vacated, and that this Court may proceed to consider the case on the merits. Accordingly, the Court ORDERS that Defendant's Motion to Set Aside Default be, and it is hereby, GRANTED.