**Stephenie N. LA MAINA, Plaintiff,**

v.

**James J. BRANNON, Defendant.**

**Civ. No. 92–1644(JBS).**

United States District Court,
D. New Jersey.

Aug. 27, 1992.

James P. Pierson, Freeman, Mintz, Hagner & Deiches, P.A., Haddonfield, N.J., for plaintiff.

James J. Brannon, pro se.

SIMANDLE, District Judge:

Defendant James J. Brannon, *pro se*, removed this matter from the Superior Court of New Jersey and seeks a declaratory judgment that the state courts of Delaware are the proper forum to determine the custody and child support issues raised by the underlying complaint. Plaintiff Stephenie La Maina has moved to remand the matter to the Superior Court of New Jersey and for sanctions pursuant to Fed.R.Civ.P. 11. For the following reasons, defendant's motion shall be denied, and plaintiff's motion to remand shall be granted, while plaintiff's motion for Rule 11 sanctions shall be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 1992, plaintiff Stephenie N. La Maina ("La Maina"), gave birth to Kayleigh Josephine La Maina at the Christiana Hospital in Newark, Delaware. On February 2, 1992, defendant James J. Brannon ("Brannon"), filed a Petition for Custody of the infant in the Family Court of the State of Delaware, New Castle County. Following her release from the hospital on February 3, 1992, La Maina traveled with the infant to Westmont, New Jersey to live with her parents.

On March 13, 1992, plaintiff La Maina filed suit for custody of the infant in the Superior Court of New Jersey, Camden County, Chancery Division, Family Part. The Superior Court established April 22, 1992 as the date for a hearing on the custody issue. On March 16, 1992, Ms. La Maina moved in the Family Court of the State of Delaware to dismiss Mr. Brannon's Delaware complaint for custody on the basis of lack of jurisdiction, improper venue, and insufficiency of service of process. Ms. La Maina received a copy of the complaint on March 24, 1992. On March

30, 1992, the Honorable Peggy L. Ableman dismissed Mr. Brannon's Delaware complaint as Brannon had failed to file a response to La Maina's motion to dismiss within the time permitted by the Delaware rules of court.

On April 20, 1992, defendant Brannon filed a Notice and Motion for Removal of Plaintiff's New Jersey custody action with the Clerk of the United States District Court for the District of New Jersey and, allegedly based upon diversity of citizenship. Defendant served a copy of the notice on the Clerk of the Superior Court of New Jersey on that same day. Having received no notice of this removal,[1] plaintiff La Maina and her counsel attended the custody hearing on April 22, 1992. Defendant Brannon failed to appear, and the New Jersey Superior Court of Camden County, Chancery Division, Family Part convened the duly noticed custody hearing and awarded custody to plaintiff, without prejudice to the right of the defendant to move to set aside the Order or for other relief. Plaintiff was not served with the defendant's notice of removal until two days later on April 24, 1992.

Defendant's notice of removal indicates that he seeks the "permanent removal" of this matter. Defendant's Motion For Removal at 1. On May 26, 1992, defendant followed his notice of removal with a motion for a declaratory judgment, whereby he requests this court to enter a judgment that:

1) declares the jurisdiction to determine custody of the minor child rests under the provisions of the PKPA, 28 U.S.C. [§] 1738A within the State of Delaware, and not in the State of New Jersey;

2) That the jurisdiction to determine the paternity of the minor child rests within

the state of Delaware and not in the State of New Jersey; and

3) That jurisdiction to determine child support for the aforesaid minor child rests within the State of Delaware and not in the State of New Jersey except that the State of New Jersey may be an initiating state under the provisions of URESA; and

... That defendant is not personally subject to the jurisdiction of the state of New Jersey and is entitled to a dismissal of all [of] plaintiff's claims made in the State of New Jersey for lack of *in personam* jurisdiction; and

... That plaintiff be permanently enjoined from bringing any further action with respect to these same proceedings except that they be brought in defendant's home County and State, being the County of New Castle, State of Delaware ...

Defendant's Motion for Declaratory Judgment at 4:

Plaintiff filed a motion to remand this matter to the Superior Court of New Jersey on June 12, 1992, alleging that defendant has failed to establish a basis for federal court jurisdiction over this child custody and support dispute.

## II. DISCUSSION

### A. *The Motions for Declaratory Judgment and Remand*

It is axiomatic that the federal courts are courts of limited jurisdiction. As the Supreme Court long ago stated with respect to the power of the federal courts, "the first and fundamental question is that of jurisdiction ... This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without

---

1. Defendant Brannon asserts in his Brief in Opposition at p. 4 that "[c]opies were not served on Plaintiff at that time [April 20, 1992] by Defendant on the instruction of the Clerk of U.S. District Court's office—over protests by Defendant—that the Clerk's office would handle service before the New Jersey Superior Court hearing." Defendant's statement, to the effect that he was prevented from serving plaintiff by this Court's Clerk's Office, is unsworn and utterly implausible. The Clerk's Office performs *no*

function of serving process in any case. The removal statute is likewise plain in 28 U.S.C. § 1446(d), set forth below, that *the defendant* or defendants *shall give written notice* thereof to all adverse parties and shall file a copy of the notice [of removal] with the clerk of such State court...." [Emphasis added.] Mr. Brannon failed in his statutory duty to give notice to Ms. LaMaina's counsel of record in a timely manner before the April 22nd hearing in Superior Court.

respect to the relation of the parties to it." *Mansfield C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884), *quoted in Bender v. Williamsport Area School District,* 475 U.S. 534, 546, 106 S.Ct. 1326, 1333, 89 L.Ed.2d 501 (1985).

Defendant's papers are contradictory on the relief which he seeks. In his initial notice of removal he requests that this custody and child support matter be permanently removed to this federal court. In his subsequent motion for a declaratory judgment, however, defendant seeks an order from this court pursuant to the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, concerning the appropriate state jurisdiction in which this matter should be heard. Defendant reiterated this latter contention in a letter to this court dated June 2, 1992[2], and in his brief in opposition to plaintiff's motion for remand, received August 20, 1992[3].

### 1. Diversity of Citizenship as a Basis for Jurisdiction

■ The Civil Code at 28 U.S.C. § 1332 provides for federal jurisdiction in all actions in which the matter in controversy is between citizens of different states and the amount in controversy exceeds $50,000.00, exclusive of interest and costs. Although defendant's notice of removal indicates that defendant resides in Delaware and plaintiff resides in New Jersey, it does not indicate that the matter in controversy exceeds $50,000.00, a deficiency which plaintiff notes in her brief at page 3.

Defendant's failure to satisfy his burden of asserting the amount in controversy, and thereby the appropriate basis for invoking this court's diversity jurisdiction would itself prove fatal to his claim. *See, e.g. Jaconski v. Avisun Corporation,* 359 F.2d 931, 934 (3d Cir.1966) ("where the amount in controversy is challenged, the burden of proving the matter in controver-

sy exceeds the jurisdictional sufficiency rests upon the party alleging the sufficiency of the amount in controversy."). However, defendant has attempted to cure his failure to set forth the amount in controversy by asserting that the amount of the child support which could ultimately be required to pay until the child reaches the age of eighteen would exceed $50,000.00. Defendant's Brief in Opposition to Plaintiff's Motion for Remand, filed August 20, 1992, at 5.

While this may be true, the error in defendant's assertions is that it is apparent that the *relief* which he seeks from this court is not a determination of the custody issue itself, let alone the issues of child support and other rights. Instead, defendant only seeks from this court a determination that the state courts of Delaware are the appropriate forum for this litigation. *See, e.g.* Defendant's Brief in Opposition at 8. Thus, the court concludes that the defendant has failed to adequately assert the amount in controversy required by 28 U.S.C. § 1332, as defendant does not seek an award of money damages from this court at all. The court must therefore determine whether it has the authority to enter a declaratory judgment on the jurisdiction issue.

■ Defendant's failure to satisfy the pleading requirements of 28 U.S.C. § 1332 obviates the need to discuss at any great length the "domestic relations" exception to diversity jurisdiction first articulated by the Supreme Court in *Barber v. Barber,* 21 How. 582, 16 L.Ed. 226 (1859). In *Barber,* the Supreme Court stated that it "disclaim[ed] any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony ..." *Id.* at 584. The court extended this exception when it later stated that "[t]he whole subject of the domestic relations of hus-

---

**2.** Defendant telephoned these chambers to inform the court that the date on this letter is erroneous, and that he wrote the letter on July 17, 1992. For the purposes of keeping the record straight, the court will continue to refer to the letter as dated June 2, 1992. As a practical matter, the date of the letter is immaterial.

**3.** By letter dated August 4, 1992, this court gave defendant the firm deadline of August 14, 1992 to submit his brief in opposition to plaintiff's motion for remand. Despite defendant's failure to adhere to this deadline, the court will exercise leniency toward this *pro se* defendant and consider the arguments raised by the brief.

band and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890). In an attempt to limit the broad application given this exception by many lower federal courts, the Court recently declared that the exception "divest[s] the federal courts of the power to issue divorce, alimony, and child custody decrees," but does not divest the court of jurisdiction when it is otherwise proper. *Ankenbrandt v. Richards*, —— U.S. ——, ——, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992).

In *Ankenbrandt*, the Court reversed the judgments of the district and appellate courts which refused to accept diversity jurisdiction over tort litigation involving the alleged sexual abuse of children by their father. The court concluded that since the litigation did not seek a divorce, alimony or custody decree, and instead concerned tort litigation which otherwise satisfied the requirements of 28 U.S.C. § 1332, the domestic relations exception did not apply and diversity jurisdiction was proper. Defendant argues in a supplemental submission to the court that jurisdiction is proper pursuant to *Ankenbrandt* because he is not seeking a decree of divorce, custody or alimony but instead seeks a declaratory judgment pursuant to the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A. Brannon Letter, dated June 2, 1992; *see also* Defendant's Brief in Opposition to Plaintiff's Motion for Remand at 6.

If Brannon could assert a proper basis for this court's jurisdiction to issue an order or declaratory judgment concerning the appropriate state forum for this litigation, then the Court's limitation of the domestic relations exception in *Ankenbrandt* would permit the court to issue such a judgment. As set forth above, however, unlike the *Ankenbrandt* plaintiffs, defendant has failed to articulate a valid basis for asserting diversity jurisdiction over this matter. Additionally, as will be set forth below, defendant has failed to articulate any federal statutory basis for the issuance of a declaratory judgment.

## 2. The Declaratory Judgment Act

■ The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, does not confer subject matter jurisdiction, but merely provides a remedy where jurisdiction already exists. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221 (9th Cir.1989). Thus, in order to avoid a remand, defendant must establish that a federal statute authorizes this court to determine the proper state forum for this child custody and support action.

Defendant contends that the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1737A, provides this court with the authority to declare that the Delaware state court is the proper jurisdiction for this dispute. Defendant contends that New Jersey is an inappropriate jurisdiction for this matter, and alleges that the provisions of the PKPA, when applied to the facts of the instant litigation, require a remand to the state courts of Delaware. Defendant's Motion for Declaratory Judgment at 2. Defendant's argument erroneously presumes that the PKPA authorizes this court to determine the proper jurisdiction for this dispute.

The Supreme Court of the United States has explicitly rejected the PKPA as a source of a private right of action for litigants involved in child custody disputes. *Thompson v. Thompson*, 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988). In *Thompson*, two state courts issued conflicting custody decrees with respect to the same child. When the father sought the intervention of the federal courts pursuant to the PKPA, the district court dismissed the matter for the lack of subject matter jurisdiction. In upholding the district judge's dismissal of the action, the Court emphasized that the PKPA is an addendum to the full faith and credit statute, 28 U.S.C. § 1738, and that the Full Faith and Credit Clause of the Constitution does not give rise to an implied federal cause of action. *Id.* at 182–83, 108 S.Ct. at 517–18.

The court further noted that the PKPA is "addressed entirely to States and state courts. Unlike statutes that explicitly confer a right on a specified class of persons, the PKPA is a mandate directed to state courts to respect the custody decrees of sister states." *Id.* at 183, 108 S.Ct. at 518. While the court recognized that "ultimate review remains available in this Court for truly intractable jurisdictional deadlocks," *id.* at 187, 108 S.Ct. at 519, it refused to endorse "the unspoken presumption in petitioner's argument that the States are either unable or unwilling to enforce the provisions of the [PKPA]," by inferring a cause of action to determine which of the two conflicting decrees was valid. *Id.* Similarly, defendant in this matter appears to contend that the state courts of New Jersey would be unwilling to entertain or properly decide his jurisdictional arguments pursuant to the PKPA. *See, e.g.* Brannon Letter, dated June 2, 1992 ("I have found from past experience [that the New Jersey Superior Court, Family Part] disregards basic rights and proper procedures.")

■ Pursuant to the Supreme Court's unmistakably clear language in *Thompson, supra,* this court has no authority upon which to issue the declaratory judgment Mr. Brannon seeks. The PKPA does not provide a private right of action in the federal courts, and therefore provides no support for defendant's arguments.

As defendant has failed to establish any basis for federal court jurisdiction over this child custody and support dispute[4], this court will remand the case to the Superior Court of New Jersey, Chancery Division, Family Part. As set forth above, the current order of that court which awarded custody to the plaintiff states that the defendant may move to set the order aside or to seek any other relief. Thus, defendant should take advantage of this clause and raise his arguments concerning the PKPA and the personal jurisdiction issue in the appropriate forum: the Superior Court of New Jersey.

### B. *The Validity of the Order of the New Jersey Superior Court*

Having concluded that the matter shall be remanded to the New Jersey Superior Court, and further concluded that the defendant must move to set aside the order entered on April 22, 1992, this court must briefly address the validity of that order. As set forth above, the defendant filed his notice of removal with the clerk of the Superior Court on April 20, 1992, but did not serve the plaintiff with the notice until April 24, 1992. The Superior Court thus convened the duly-noticed custody hearing in the matter after the defendant had commenced the removal process, but before the plaintiff had received notice of his actions.

■ 28 U.S.C. § 1446 governs the removal of actions from state courts. The relevant section provides:

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). The instant matter raises the issue of exactly when the state court must relinquish its jurisdiction over a case. The statute identifies three steps which a litigant must take to remove litigation from a state court to a federal court:

---

4. Defendant also invokes the matter of *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), in support of his argument that the New Jersey courts can not obtain personal jurisdiction over him. In *Kulko,* the Supreme Court held that a state could not exercise personal jurisdiction over one parent in a child custody dispute without a demonstration of the requisite "minimum contacts" with the forum state. *Id.* at 100–01, 98 S.Ct. at 1700–01. *Kulko* came to the Supreme Court by writ of certiorari from the Supreme Court of California. Defendant will be free to argue the applicability of *Kulko* to the Superior Court of New Jersey, and any appellate courts in New Jersey. If these arguments prove unsuccessful, then he can appeal the case to the Supreme Court of the United States. *Kulko* does not provide an independent basis for the invocation of the power of the federal courts in this instance.

(1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. As there are no commas separating these three requirements, and they all appear *prior* to the statement that the completion of these steps "shall effect removal," the plain meaning of the statute would seem to dictate that the state court would retain jurisdiction over the matter until all three requirements have been satisfied.

There is some support for the proposition that the removal of a case is effective from the date that the petition is filed with the federal court, and the subsequent notification of the litigants and the state court works to vest exclusive jurisdiction in the federal court as of the earlier date. *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 421 (D.S.C.1975) ("even if the removal in the present case was not completed until ... after the entry of the default judgment [in the state court], the case would still proceed in the federal court in the posture in which it existed in the State court when the petition for removal was filed ... This would mean that the State default judgment would be without effect."); *see also* 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3737 at (1985) [citing cases]. Under this reasoning, the court could vacate the order entered by the Superior Court judge as a result of defendant's failure to appear at the duly noticed hearing.

Conversely, the First Circuit has held that the jurisdiction of the federal court attaches as soon as the removing party files the petition, but the state court shares jurisdiction until all of the steps required by § 1446 are completed. *Berberian v. Gibney*, 514 F.2d 790, 792–93 (1st Cir.1975) (Default judgment entered against United States in state court where the government had filed removal petition prior to entry of default but had failed to notify the state court or adversary was effective, but did not defeat jurisdiction of district court. District court had jurisdiction to vacate default pursuant to Fed.R.Civ.P. 55(e).); *see also* Wright, Miller and Cooper, *supra* at § 3737 at 550–551 [citing cases] ("[t]here

also is authority for the reasonable intermediate conclusion that both courts have jurisdiction between the filing of the petition in the federal court and the giving of notice to the state court and the opposing party.").

Notwithstanding these alternate options, the court concurs with Professors Wright, Miller and Cooper, who state, "the sounder rule, and the one most consistent with the language of Section 1446(e) [now 1446(d) ], is that removal is not effective until all the steps required by the federal statute have been taken." *Id.* at 550 [citing cases]. In *Ciotti v. Aetna Cas. & Sur. Co.*, 511 F.Supp. 647 (E.D.Pa.1981), Judge Troutmann stated "[b]y filing the petition for removal and bond [which is no longer necessary] and providing notice to all parties, defendant effected notice of removal, 28 U.S.C. § 1446(e), and ceased the state court proceedings." *Id.* at 648, citing *Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.*, 87 F.R.D. 152 (E.D.Pa.1980).

This court interprets the clause in § 1446(d), above, "which shall effect removal and the State court shall proceed no further," as a relator preceded by the conjunctive requirement that defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." Merely filing notice of removal with the Superior Court Clerk does not divest that court of its jurisdiction unless defendant has also given written notice thereof to plaintiff's counsel.

■ The court concludes that this rule makes complete sense when applied to the facts of the instant matter, as it is apparent that the Superior Court Judge who presided over the custody hearing on April 22, 1992 was not yet aware that defendant had filed a removal petition on April 20, 1992. This fact is not surprising in this age of exploding litigation and overburdened clerks' offices. If defendant had also served plaintiff with the notice of removal prior to the April 22nd hearing, then the plaintiff could have informed the judge

**614**

of the removal of the matter, and the judge would not have issued the custody order or undertaken any further action in the case. Defendant himself could have avoided his own predicament by appearing at the April 22nd hearing for the sake of giving notice to the Superior Court and to adverse counsel. There is no evidence in the record to support defendant's contention that the custody decree is "an inexcusable flouting of authority on both the parts of Mr. Pierson [plaintiff's attorney] and the New Jersey Superior Court, Family Part." Brannon Letter, dated June 2, 1992 at 2.

As set forth above, the order of the Superior Court gives the defendant the remedy of seeking relief in the state court from this custody order entered by default. It seems that defendant incorrectly assumed that the state court lacked jurisdiction to hold the hearing on April 22, 1992, and therefore he failed to attend. Since defendant failed to give notice of removal to the plaintiff's attorney prior to the hearing as required by § 1446(d), the Superior Court retained jurisdiction over the matter and the April 22 order is valid. However, if in fact defendant failed to appear and contest the decree at the April 22, 1992 due to a mistaken belief that the removal had been effected, he may have a strong argument for relief from the default that was entered against him in state court. Perhaps the plaintiff will consent to such a request. In any event, the defendant must direct any motion for relief from the default to the Superior Court of New Jersey upon remand, and not to this Court.

C. *Plaintiff's Motion for Rule 11 Sanctions*

■ Rule 11 of the Federal Rules of Civil Procedure provides:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inqui-

ry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

The Rule further provides that violators are subject to appropriate sanctions, including the award of attorneys' fees incurred by the opposing party.

The court concludes that Rule 11 sanctions are not appropriate in the instant matter. Defendant is appearing *pro se*, and appears to have had a good faith belief in the validity of the positions he asserted. The court will not penalize him for his failure to comprehend the nuances of federal jurisdiction. The motion will be denied.[5]

### III. CONCLUSION

For the foregoing reasons, defendant's motion for a declaratory judgment is denied, plaintiff's motion to remand this matter to the Superior Court of New Jersey, Camden County, Chancery Division, Family Part is granted, and plaintiff's motion for sanctions pursuant to Fed.R.Civ.P. 11 is denied.

---

5. The court also notes that defendant requests sanctions against plaintiff in his opposition to plaintiff's motion for remand. Defendant contends that plaintiff has made numerous false statements "to various courts, *including this court*," and has allegedly wasted this court's time. Defendant's Brief in Opposition at 10. This request will also be denied.