POLY PRODUCTS CORPORATION,
Plaintiff,

v.

AT & T NASSAU METALS,
INC., et al., Defendants.

Civ. A. No. 1:93–CV–0060.

United States District Court,
E.D. Texas,
Beaumont Division.

March 26, 1993.

Frances Blair Bethea, Kip Kevin Lamb, Allen Eli Bell, Benckenstein & Oxford, Beaumont, TX, for plaintiff.

Charles L. Berry, L. Dewayne Layfield, Vinson & Elkins, Houston, TX, for defendants.

---

### ORDER

COBB, District Judge.

### FACTS

Pursuant to a contract signed July 5, 1988, Defendants (ATT) sold 760,000 to 1,000,000 pounds of processed telephone cable materials (fluff) to Plaintiff (Poly). Poly hired Texas Star Express Corporation (TSE) to transport the material from Gaston, South Carolina to Poly's facility in Houston, Texas. On April, 1992, Poly determined the fluff contained unacceptable quantities of leachable lead.

At 9:00 a.m. on January 8, 1993, Poly filed suit in state court against ATT. At 4:30 p.m., Poly filed its First Amended Petition in state court adding TSE as a defendant. TSE, however, had forfeited its corporate privileges and was involuntarily dissolved on November 18, 1991 due to failure to pay franchise tax. Poly claims it was unable to find Edward M. Meyerson, TSE's registered agent for service. Instead, it served Gengiz Nazim, TSE's president and vice president. On February 5, 1993, ATT filed a Notice of Removal with this court based on diversity and moved for TSE to be dismissed from the lawsuit.

---

**1.** That statute states:

Promptly after the filing of such notice of removal of a civil action [in federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the

### POLY'S ARGUMENT

Poly files its motion for remand claiming ATT's removal was defective because (1) it was not properly filed, and (2) complete diversity does not exist.

Poly cites 28 U.S.C. § 1446 [1] claiming in order to properly remove, ATT should have, in order:

 i. filed its removal petition with the federal court;

 ii. sent written notice to the adverse parties; and

 iii. filed a copy of the petition with the state court.

Instead, ATT performed steps ii and iii before step i, that is, before it filed its removal petition with the federal court. According to Poly, the removal was improper and the case should therefore be remanded to state court.

In addition, Poly claims complete diversity does not exist because Plaintiff is a resident of Texas, as are TSE and its officers Meyerson and Nazim.

### ATT'S RESPONSE

ATT asserts that it timely and properly removed this action. ATT also moves to dismiss TSE as a fraudulently joined defendant claiming Poly's first amended petition states no arguable reasonable basis for recovery against TSE. ATT concludes that Poly's claims against TSE are barred as a matter of law.

### DISCUSSION

**1.** ***ATT timely and properly removed this action***

 ATT filed its notice of removal in both state and federal court on February 5, 1993. It argues it should not be penalized because the state court clerk opened and stamped its notice of removal 35 minutes before the federal court clerk did the same.[2]

---

State court shall proceed no further unless or until the cause is remanded.
28 U.S.C. § 1446(d) (Supp.1992).

**2.** The state clerk stamped the notice at 9:35 a.m., 02/05/93. The federal clerk stamped the notice at 10:09 a.m., 02/05/93.

The federal courts generally do not permit a timing difference in filing to destroy jurisdiction. For example, the Fifth Circuit held failing to file a copy of the removal petition with the state court clerk does not defeat federal jurisdiction. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985); *see also Adair Pipeline Co. Pipeline Local Union No. 798*, 203 F.Supp. 434, 437 (S.D.Tex.1962), *aff'd,* 325 F.2d 206 (5th Cir. 1963). In fact, "filing a copy of the petition for removal in state court is a procedural and ministerial act and failure to file will not defeat the federal court's jurisdiction." 14A Wright, Miller, and Cooper, Fed.Prac. & Proc. § 3736 at 548 (1985).

In this case, Poly offers no evidence to refute ATT's argument that the reason it filed in state court before federal court was due to the efficiency of the state court clerk in opening the mail. Filing notice is ministerial. A thirty five minute difference in filing, therefore, will not destroy jurisdiction.

### 2. *Poly's first amended petition states no reasonable basis for recovering against TSE*

ATT asserts 3 independent reasons why Poly's amended petition states no basis for recovery against TSE:

i. Article 7.12 of the Texas Business Corporation Act and Texas common law bar suits against dissolved corporations;

ii. Poly's claims against TSE are barred by the statute of limitations; and

iii. All Poly's claims against TSE were decided by the United States Bankruptcy Court and are barred by *res judicata.*

### a. *Texas bars suits against dissolved corporations*

 ATT argues that Texas law does not permit a corporation to be held liable for any claim that did not exist at the time of its dissolution. Tex.Bus.Corp. Act Ann. arts. 7.12(C), 7.12(F) (Vernon Supp.1993). Although ATT correctly quotes the first portion of the statute, it fails to quote the subsequent language:

... An existing claim by or against a dissolved corporation shall be extinguished unless an action or proceeding on such existing claim is brought before the expiration of the three-year period following the date of dissolution. If an action or proceeding on an existing claim by or against a dissolved corporation is brought before the expiration of the three-year period following the date of dissolution and such existing claim was not extinguished pursuant to Section D of this Article [dealing with notice to persons with claims against the corporation], the dissolved corporation shall continue to survive (1) for purposes of that action or proceeding until all judgments, orders, and decrees therein have been fully executed....

Tex.Bus.Corp. Act Ann. art. 7.12(C) (Vernon Supp.1993). The language seems to imply that Poly can bring its suit up to three years after the corporation was dissolved. Texas courts, however, have considered and rejected this interpretation. Instead, they have construed it to mean that a plaintiff can continue a suit against a dissolved corporation, but he may not bring a new suit against a corporation already dissolved. *Anderson v. Hodge Boats & Motors, Inc.*, 814 S.W.2d 894, 896 (Tex.App.—Beaumont, 1991, writ denied). Since the legal existence of the corporation terminates upon dissolution, it can no longer sue or be sued. *Id.*

TSE was dissolved as a corporation on November 18, 1991. Poly brought suit on January 8, 1993. Since Poly did not timely bring suit according to the Texas Business Corporations Act and common law, Poly's suit is barred.

### b. *Statute of limitations bars Poly's claim against TSE*

 In Plaintiff's First Amended Original Petition, Poly sued the defendants, including TSE, for fraud, negligence, negligence per se, gross negligence and under the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA). Texas required Poly to bring suit within two years as to its tort and DTPA actions, and four years as to its fraud action. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1987) (tort); Tex.Bus. & Com.Code § 17.565 (Vernon 1987) (DTPA); *Williams v. Khalaf,* 802 S.W.2d

651, 658 (1990) (fraud has a four year limitation period) *citing* Tex.Civ.Prac. & Rem.Code Ann. §§ 16.003, 16.004 (Vernon 1987). Limitation periods are tolled until the plaintiff "discovered or in the exercise of reasonable diligence should have discovered" the cause of action. *See e.g.,* Tex.Civ.Prac. & Rem. Code Ann. § 17.565 (Vernon 1987). Reasonable diligence is a question of law. *Ruebeck v. Hunt,* 176 S.W.2d 738 (Tex.1943). The key issue for the court, therefore, is when should Poly have discovered the leachable lead in the fluff.

On July 5, 1988, Poly and ATT signed a contract in which Poly represented that it had already sampled, tested, and found the fluff suitable. Poly received samples of the material before it signed that contract. It does not argue that these samples were any different from the defective fluff it ultimately received. ATT argues that, as a matter of law, this "representation and warranty" required Poly to exercise reasonable diligence to sample and test the material before July 5, 1988. Poly should not, therefore, be allowed to rely on the discovery rule to toll its limitations period until 1993, more than four years after its causes of action accrued.

Poly presents no evidence to refute that the contract specifically stated that Poly tested the material and found it satisfactory. On the other hand, there is no evidence that the supplied sample materials were identical to the final shipment of fluff. ATT implies that there was no difference between the samples and the final shipment. Poly offers no evidence either way.

ATT provided Poly with sample material before the contract was signed. Poly should have exercised reasonable diligence in discovering the leachable lead at the time it signed the contract. This court will not permit Poly's lack of diligence to toll the applicable limitations period.

c. *Poly's claims may be barred by res judicata*

In 1989, Poly filed for reorganization under the Bankruptcy Code. It scheduled TSE as one of its creditors in that bankruptcy proceeding. The bankruptcy court entered a confirmation order on September 5, 1990. TSE's bankruptcy claim arose out fees Poly owed it for transporting fluff, i.e., the same transaction that is the basis of the suit at bar.

ATT claims that if Poly had a claim against TSE, it should have asserted the claim at the bankruptcy proceeding. Since it did not, the bankruptcy court's order is *res judicata* as to any subsequent claims arising from that transaction.

A prior federal court judgment is *res judicata* if:

i. the parties are identical in both suits;
ii. the prior judgment is rendered by a court of competent jurisdiction;
iii. the prior judgment constituted a final judgment on the merits; and
iv. the same cause of action was involved in both cases.

*Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1051 (5th Cir.1987). TSE meets the first two factors easily. First, Poly and TSE are the identical parties in both suits. Second, the United States Bankruptcy Court was a court of competent jurisdiction when it entered its confirmation order.

The third factor less clear. ATT argues the bankruptcy court's confirmation order is a final judgment *on the merits.* The key issue, then, is whether the bankruptcy court had an adequate opportunity to consider all of Poly's claims on the merits. As discussed above, Poly, through the exercise of reasonable diligence, should have discovered the leachable lead in 1988, i.e., before the bankruptcy court entered its order. Since Poly failed to discover the problem due to its own lack of diligence, whatever merits its case had were settled by the bankruptcy court.

The fourth factor is also troublesome. ATT argues:

TSE's claims in the bankruptcy court were based on the 1988 transportation of the material to Houston. Likewise, Poly's claims against TSE in this action are based on exactly the same transportation of material. Under the transactional test, then, the fourth element is satisfied and Poly's

claims against TSE are barred by *res judicata*.

ATT's Resp. to Poly's Mot. to Remand at 13. The Fifth Circuit adopted Section 24 of the Restatement (Second) of Torts when deciding whether the same cause of action is involved in two suits. *Republic Supply,* 815 F.2d at 1053. That section states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the transaction arose.

The Restatement's transactional rule seems to say the *bankruptcy plaintiff*'s (TSE's) subsequent causes of action are extinguished. It makes no mention of the bankruptcy defendant's (Poly's) claims.[3] By analogy, Rule 13 of the *Federal Rules of Civil Procedure* requires all counterclaims to be brought in the original action if they arose from "the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R.Civ.P. 13(a). Under this reasoning, Poly's claims are barred because it did not assert them in the bankruptcy proceeding.

## CONCLUSION

Poly is correct in arguing that ATT's removal was not technically proper. The Fifth Circuit, however, does not permit such technical discrepancies to defeat jurisdiction.

 Poly's first amended petition states no arguably reasonable basis for recovering against TSE. First, Texas law bars suits against dissolved corporations. Second, Poly's suit is barred by the statute of limitations. Finally, Poly's suit is barred because the bankruptcy court's order is *res judicata.* Since TSE must be dismissed as a defendant, complete diversity is restored and this court maintains jurisdiction.

**3.** In the bankruptcy proceeding, TSE was the "plaintiff" and Poly was the "defendant." In the

It is therefore ordered that Poly's motion to remand is DENIED and ATT's motion to dismiss TSE as a defendant is GRANTED.

current action, their roles are reversed—Poly is the plaintiff and TSE is the defendant.