**Ronald Royce HAMPTON,
et al., Plaintiffs,**

v.

**UNION PACIFIC RAILROAD
COMPANY, Defendant.**

**No. Civ.A. 1:99CV647.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 10, 1999.

Gene Melton (Zona) Jones, Charles Keith Kebodeaux Provost & Umphrey, Beaumont, TX, for plaintiffs.

Deborah A. Newman, Laura S. Favaloro, John L. Schouest, Phelps Dunbar, Houston, TX, for defendant Union Pacific R. Co.

Jeffrey W. Hastings, Spain & Hastings, Houston, TX, for Neosho Const. Co.

## MEMORANDUM OPINION

COBB, District Judge.

### I. Introduction

Plaintiff, a resident of Texas, sued Union Pacific Railroad Company, a Delaware corporation,[1] in state court in Orange County, Texas for injuries he sustained when the truck he was driving collided with a Union Pacific train. Before me today, is the plaintiffs' Motion to Remand to state court. The plaintiffs contend that they amended their complaint adding a nondiverse defendant in state court before the action was removed here.[2] The defendant, on the other hand, contends that removal was effectuated before the filing of the amended complaint thereby stripping the state court of all jurisdiction and making the plaintiffs' amended complaint a nullity.

The relevant facts are as follows. On September 29, 1999 at 2:30 p.m., the plaintiffs filed their first amended petition which named a new nondiverse defendant to the suit. On that same day, the defendants mailed a Notice of Removal to the District Clerk of Orange County, Texas and the United States District Court of the Eastern District of Texas, Beaumont Division. This notice was received by the Orange County Clerk on September 30, 1999. The United States District Clerk did not receive the Notice of Removal until October 1, 1999. The issue to be decided today is whether removal was effectuated pursuant to 28 U.S.C. § 1446 before the plaintiffs amended their petition.

### II. Analysis

#### A. Removal

28 U.S.C. § 1446(d) details how removal from state court to federal court is effectuated. The statute reads:

> Promptly after the filing of such notice of removal of a civil action [in federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

The defendants argue that since they mailed their Notice of Removal on September 29th the state court no longer had jurisdiction over this suit, thus the amended complaint is a nullity and the suit was properly removed based on diversity of citizenship. The defendant bases its argument that notices of removal are deemed received on the day they are mailed on Rule 5 of the Texas Rules of Civil Procedure which states in pertinent part:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Union Pacific relies on this rule to support the position that the state court was divested of jurisdiction on September 29th— the day the Notice was mailed. Therefore, the defendant contends that any action taken on that day or thereafter in the state

---

1. Union Pacific has its principal place of business in Nebraska.

2. Plaintiff's amended complaint added two additional defendants—Neosho Construction Company, Inc. and Alford Eugene Niemeyer, III the train engineer who is a Texas resident.

court is null. *See Medrano v. State of Texas*, 580 F.2d 803 (5th Cir.1978). The defendant's position is that this would include the filing of plaintiffs' amended complaint in state court adding a nondiverse defendant that same very day.

■ Unfortunately for the defendants, no case law was cited in support of this unique position nor could any be found by this court. Furthermore, federal, and not state, law governs all removal proceedings. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Therefore, Texas Civil Procedure Rule 5 is not applicable to this case. *Grubbs*, 405 U.S. at 705, 92 S.Ct. 1344; *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir.1991); *Brown v. Demco*, 792 F.2d 478, 480 (5th Cir.1986).

Even if Rule 5 applied to this case it still does not support the defendant's position. Rule 5 deals with the situation where a party mails a document to a Texas court clerk by first-class United States mail on or before the last day of a court deadline for filing the document. Under the rule, the document is deemed timely filed if it is received by the clerk within 10 days of its mailing. *See Milam v. Miller*, 891 S.W.2d 1 (Tex.App.—Amarillo, 1994 writ ref'd). This rule does not help the defendants in the present case. The rule does not state that *all* documents are deemed filed on the day they are mailed only those that are "mailed[ed] on or before the last day for filing the same." In this case, the Notice of Removal was not mailed on or before the last day for filing the same. The Notice of Removal was only mailed the same day that the amended complaint was received by the Orange County Clerk not before the last day of a filing deadline. Rule 5 simply does not apply to a case like the present where there is a race to the courthouse between a defendant attempting to remove a case and a plaintiff seeking to amend a state court complaint.

Moreover, defendant's position is at complete odds with the purpose behind the federal removal statute. 28 U.S.C. § 1446(d) requires that the state stop all proceedings once the court has notice that the case has been removed. *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir.1996). The Fifth Circuit has recognized that the purpose behind the notice provision in the removal statute is "to inform the state ... judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434, 437 (S.D.Tex.1962), *aff'd*, 325 F.2d 206 (5th Cir.1963). Certainly, a state court cannot be deemed to be "notified" of removal if the actual notice is still in the mail. *See* CHARLES A. WRIGHT, LAW OF FEDERAL COURTS 247 (1994) (recognizing that it would be "unfair to a state court to hold that it can be stripped of jurisdiction though it has no notice of this fact"). After all, if the court accepted the defendant's position the state court might not be notified of the removal until some 10 days after it was actually mailed. If this were true, courts could be faced with the odd situation where a notice of removal was received by a clerk's office some five days prior to the receipt of an amended complaint (thus ending state court jurisdiction) even though the amended complaint adding a nondiverse defendant was mailed before the notice of removal due to a quirk in the United States mail system. Clearly, Congress could not have intended such a result.

Even if Rule 5 applied to this case in the manner that defendant contends that it does, there still would be problems with defendant's argument. First of all, it is uncontested that the Federal District Clerk did not receive the Notice of Removal until October 1, 1999 at least two days after the state court had received the plaintiffs' amended petition naming a nondiverse defendant.[3] Thus, the issue of

---

3. Pursuant to Rule 63 of the Texas Rules of

Civil Procedure the plaintiffs amended their

whether this satisfies the requirements of 28 U.S.C. § 1446(d) arises.

As discussed above, defendant contends that the mailing of the Notice on the 29th to the state court *alone* effectuated the removal. Defendant primarily relies on the last phrase in § 1446(d) which requires a removing defendant to file a notice of removal with the clerk of the State court "which shall effect the removal." This court has before recognized that "federal courts generally do not permit a timing difference in filing to destroy jurisdiction." *Poly Products Corp. v. AT & T Nassau Metals, Inc.*, 839 F.Supp. 1238, 1240 (E.D.Tex.1993). However, the facts and arguments of that case are completely different than those here. The plaintiffs in that case argued that the removal was defective solely because it was not proper-

ly filed. In *Poly Products*, the only possible defect in removal was the state court clerk time stamping the notice of removal 35 minutes before the federal clerk did the same. *Id.* at 1239. The ruling in *Poly Products* reflects the position that a 35 minute difference in filing alone will not destroy federal jurisdiction under 28 U.S.C. § 1446(d). *Id.* The situation here is quite different. In this case, an amended complaint was filed at the same time the notice of removal was "received" by the state court and two days before the federal clerk received the notice.[4] This court could not find any cases with facts such as these.

There are however numerous cases which discuss the relationship between the time of filing notices of removal in state court and federal court.[5] This

---

petition. This amendment was as a matter of right and did not require leave of court.

**4.** Again this is assuming that Rule 5 signifies that a notice of removal is deemed filed on the day it is mailed. As discussed previously, this is not the case.

**5.** *See, e.g., Anthony v. Runyon*, 76 F.3d 210, 213–214 (8th Cir.1996) (discussing the complexities of 28 U.S.C. § 1446 despite its apparent "clarity"); *Cannon v. Fogerty*, 855 F.2d 860, at *1 (9th Cir.1988) (unpublished) (noting a state court had not been divested of jurisdiction because removal was not yet complete); *Berberian v. Gibney*, 514 F.2d 790, 791–793 (1st Cir.1975) (holding that jurisdiction of the federal court attached as soon as the notice of removal was filed and that both state and federal courts had jurisdiction until the process of removal was completed); *Torres Velazquez v. Four Star Industries, Inc.*, 55 F.Supp.2d 91, 93 (D.P.R.1999) (holding that once a petition is filed in federal court *and* notice has been given to the state court and the parties, the case has been properly removed); *Linden v. Chase Manhattan Corp.*, 52 F.Supp.2d 387, 388 (S.D.N.Y.1999) (holding that "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed") (quoting *Berberian*); *Zeglis v. Sutton*, 980 F.Supp. 958, 960–61 (N.D.Ill.1997) (holding that removal is effective when the notice of removal is filed in state court, but recognizing that when a state default judgment is entered on the same day

that the notice of removal is received it would depend on which took place first in order to determine if the default was proper); *Jarvis v. FHP of Utah*, 874 F.Supp. 1253, 1254 (D.Utah 1995) (following *Berberian*); *Burroughs v. Palumbo*, 871 F.Supp. 870, 871–72 (E.D.Va. 1994) (court was faced with situation where federal court received the notice of removal before the state court did and called this a "prickly little technical problem"); *Boyce v. St. Paul Fire & Marine Ins. Co.*, Civ. No. 92–6525, 1993 WL 21210 at *3 (E.D.Pa. Jan.28, 1993) (following *Berberian*); *La Maina v. Brannon*, 804 F.Supp. 607, 612–613 (D.N.J. 1992) (holding that merely filing a notice of removal with the state court clerk did not divest that court of its jurisdiction until the plaintiff's counsel was also notified); *Doustout v. G.D. Searle & Co.*, 680 F.Supp. 49, 50 (D.Me.1988) (following *Berberian*); *Johnson v. Allstate Ins. Co.*, 633 F.Supp. 43, 44 (S.D.Ala.1986) (amended complaint in state court was filed before a removal petition); *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 336 (stating that "the Supreme Court has held that deficiencies with respect to incidental provisions of the removal statute are not fatal to the removal, if they are the result of circumstances beyond the defendant's control") (citing *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)); *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 418 (D.S.C.1975) (finding that all the requirements of removal were met). *See generally* 14C Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice & Procedure, § 3737 (3d ed.1998).

court concurs with those courts which have found that removal is a three step process. Section § 1446(d) requires a removing party to (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. All of these requirements appear prior to the statement that the completion of these steps "shall effect removal," therefore, the plain meaning of the statute seems to dictate that state courts retain jurisdiction over suits all three requirements have been satisfied in all but the most unusual cases. *La Maina v. Brannon,* 804 F.Supp. 607, 612–613 (D.N.J.1992).[6] In this case, the three steps were not completed until after the amended complaint was filed with the state court. Therefore, this court is without jurisdiction at the present time.

### B. Fraudulent Joinder

 The defendant argues that even if the amended petition is valid this court still has jurisdiction over the present action because Alford Niemeyer, the train engineer, was fraudulently joined to defeat diversity. The defendant has the burden of establishing fraudulent joinder and all doubts must be resolved in favor of the non-moving party. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990). The court must determine if there is any possibility of recovering against the train engineer in order to determine whether he was fraudulently joined or not. *Id.* In doing so, a court may "pierce the pleadings" and rely on affidavits or other documents to determine whether the party was fraudulently joined. *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992).

Here, plaintiffs have alleged that the train engineer was individually at fault for the accident. It is not fraudulent joinder to sue a corporate employee in his individual capacity for actions taken in the

scope of his employment. *See Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir.1994) (applying Louisiana law). After resolving all doubts in favor of plaintiff, the defendant's affidavits do not meet the heavy burden of showing that there is no possibility of recovery against the train engineer *See Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). Thus, at this time, this court does not have jurisdiction over the matter. It must be pointed out, however, that if the state court does later dismiss Mr. Niemeyer from the suit then this case would become removable. *See* 28 U.S.C. § 1446(b).

### III. Conclusion

The Fifth Circuit has long held that removal statutes are to be strictly against removal. *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979). In view of the above discussion, the present attempt at removal simply does not meet the statutory requirements set by Congress. In this case, the plaintiff won the race to the courthouse and the court is bound by that fact. Nevertheless, it is still entirely possible that this case will one day meet the requirements of § 1446 but for now plaintiffs' Motion to Remand is GRANTED.

---

6. Professors Wright, Miller and Cooper agree. "[T]he sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until all the steps required by the federal statute have been taken by the defendant." *Supra* note 5, § 3737 at 382.