Filed 12/1/14  Allen & Kimbell v. Bender CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ALLEN & KIMBELL,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NANCY BENDER,<br><br>    Defendant and Appellant. | 2d Civil No. B246879<br>(Super. Ct. No. 1385303)<br>(Santa Barbara County) |

Nancy Bender appeals the judgment awarding unpaid legal fees to respondent Allen & Kimbell.  Appellant contends (1) the trial court abused its discretion in denying her ex parte application to continue trial; and (2) the judgment is void because it was entered after she removed the action to federal court.  The record on appeal is inadequate to establish either claim.  Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Appellant signed a retainer and fee agreement for respondent law firm to represent her as beneficiary under a family trust.  In February 2012,[1] respondent filed suit against appellant for unpaid legal fees and costs.  Appellant subsequently rejected an

---

[1] All further date references are to the year 2012.

arbitration award in respondent's favor and elected a trial de novo. A mandatory settlement conference (MSC) was set for November 30, and trial was set for December 11. The court ordered the parties to participate in a case management alternate dispute resolution settlement session (CMADRESS). Appellant objected to the assigned neutral, and an alternate neutral was assigned on July 30.

On November 2, appellant filed an ex parte application to continue the trial and MSC. The court denied the application. Appellant did not attend the November 30th MSC and was accordingly sanctioned.

The civil docket sheet indicates that appellant filed a "notice of removal" on December 11. That same date, the court received a letter from appellant's physician stating that appellant had been evaluated on December 6 "with complaints of fatigue and inability to concentrate[.]" The physician added: "[Appellant] has requested me to write a letter to the Court explaining her situation, and requesting that the upcoming trial date be postponed due to her inability to cope with one more stress in her life. She feels that within the next three to four months, . . . she will be able to respond adequately to the upcoming litigation."

At a December 12 pretrial conference, appellant's attorney moved to disqualify the trial judge under Code of Civil Procedure section 170.3. The court denied the motion and noted it "has been alerted that [appellant] has taken steps to remove this case . . . ." The court found that "[appellant's] voluntary participation in this litigation since 6/28/12 constitutes a waiver and/or an estoppel of this new action." The court also found that appellant's attempt to remove the action to federal court was untimely.

Neither appellant nor her attorney appeared at trial on December 13. At the conclusion of the trial, the court entered judgment in respondent's favor in the amount of $92,120.50, exclusive of costs and interest. Appellant timely appealed. In designating the record on appeal, she did not include her ex parte application to continue trial, the

2

reporter's transcript of the hearing on the application and the court's ruling thereon, or the notice of removal referred to on the civil docket sheet.**2**

## DISCUSSION

Appellant contends the judgment against her must be reversed because (1) the court abused its discretion in denying her November 2 ex parte application to continue the trial; and (2) the judgment was entered after appellant removed the action to federal court. We reject both claims for lack of an adequate record.

"A fundamental rule of appellate review is that '"[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."' [Citations.]" (*Conservatorship of Rand* (1996) 49 Cal.App.4th 835, 841.) To overcome this presumption, the appealing party must provide an adequate record that affirmatively demonstrates error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) If the appellant does not provide both the pertinent pleadings and reporter's transcript, we must presume the court's ruling is correct unless error appears on the face of the record. (Cal. Rules of Court, rule 8.163 [rule 8.163]; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 522.)

Appellant challenges the court's denial of her ex parte application to continue the trial, yet her designation of the record on appeal does not include the ex parte application, the reporter's transcript of the hearing on the application, or the order of denial. Although respondent has moved to augment the record to include the ex parte application to continue trial, the reporter's transcript and order are still missing.

Moreover, no error in denying appellant's application to continue trial is apparent from the face of the record. Appellant claimed she needed more time to prepare for trial because (1) she "did not receive notice of the fee arbitration decision until late May 2012 - early June 2012," and (2) "the parties' referral to CMADRESS was

---

**2** We grant respondent's motion to augment the record on appeal to include the ex parte application to continue trial, the December 12 pretrial conference order, and the notice of reassignment of the CMADRESS neutral.

reasonably delayed because of a conflict." The December 11 trial date was set on July 3, and the CMADRESS neutral was reassigned at appellant's request four weeks later. Appellant fails to explain why she needed more than five months to prepare for trial, or how the reassignment of the CMADRESS neutral interfered with her ability to do so. Although she notes that she also filed a motion to compel further responses to her requests for discovery, she fails to undermine the court's conclusion that the motion was untimely. Respondent submits that appellant's moving papers and the opposition thereto would demonstrate that the motion was frivolous. By failing to include these documents in the record on appeal, appellant cannot be heard to complain that the court should have given her additional time to conduct discovery. Because appellant fails to overcome the presumption that the court's denial of her application to continue trial was correct, the court's ruling must be affirmed. (Rule 8.163; *National Secretarial Service, Inc. v. Froehlich, supra*, 210 Cal.App.3d at p. 522.)[3]

The record is similarly inadequate to support appellant's claim that she effected removal of the case to federal court on December 11, such that the state court lacked jurisdiction to hold a trial and enter judgment in respondent's favor. "The right of removal is statutory, and the requirements strictly construed. [Citation.]" (*Washington v. Chimei Innolux Corp.* (9th Cir. 2011) 659 F.3d 842, 847.) Removal to federal court requires three steps. The removal statute (28 U.S.C. § 1446(d)) provides that the removing party must (1) file the notice of removal in federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. The state court does not lose jurisdiction until all three requirements are met. (*Hampton v. Union Pacific R. Co.* (E.D. Tex. 1999) 81 F.Supp.2d 703, 707; *La Maina v. Brannon* (D.N.J. 1992) 804 F.Supp. 607, 612–613 [filing a notice of removal with the state court clerk did not divest court of jurisdiction until the plaintiff's counsel was also notified].)

---

[3] To the extent appellant asserts that her health was relevant to the court's ruling, her ex parte application made no reference to any such illness. She did present a letter from her physician on the trial call date, but merely offering a "doctor's note" on the eve of trial is not a procedurally proper means of seeking a continuance. Moreover, the physician did not state an opinion that appellant's health necessitated a continuance.

Here, we are presented with a portion of the civil docket indicating that appellant filed a document entitled "notice of removal" on December 11.  The actual document is not included, nor does anything else in the record indicate (1) that a notice of removal was filed in federal court on or before December 11, or (2) that a copy of the removal notice was served on respondent's counsel.  The only other reference to a notice of removal is found in the court's December 12 pretrial order, but that reference merely tells us that "[t]he [c]ourt has been alerted that the Defendant has taken steps to remove this case from this [c]ourt's jurisdiction . . . ."  Because the requirements of the removal statute must be strictly construed and the record fails to demonstrate that all three prerequisites to removal were met, appellant fails to overcome the presumption that the court properly entered judgment in respondent's favor.  In light of this conclusion, we need not address the propriety of the court's proffered reasons for concluding the notice of removal was ineffective.

The judgment is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Cohn Stewart, Martin P. Cohn, Raymond Rengo for Defendant and Appellant.

Allen & Kimbell, John H. Parke, James M. Sweeney for Plaintiff and Respondent.